### BROCK v. KEIFER.

No. 6760—Opinion Filed April 11, 1916.
Rehearing Denied May 2, 1916.
(157 Pac. 88.)

**1. Wills—Probate—Appeal—Parties.**

Devisees in a will who are served with a notice of application to probate the will, but who are not parties to the hearing of such application, are not necessary parties on appeal to this court, involving the probate of such will.

**2. Same.**

On appeal from the county court to the district court in a probate matter, one who is a party to the proceedings in the county court is not required to make the affidavit required by section 6503, Rev. Laws 1910. Such affidavit is only required when the appeal is taken by a party in interest, who is not a party to the proceedings in the county court.

**3. Wills—Probate—Matters Considered.**

In a proceeding to probate a will, the court cannot construe or interpret the will or distinguish between valid and void dispositions. If the will be legally executed and proved, and not successfully attacked for want of testamentary capacity, undue influence, fraud, or duress, it must be admitted to probate.

**4. Wills—Validity—What Law Governs.**

A will is governed by the law as it exists at the time of the death of the maker, and not by the law as it exists at the time of the execution of the will.

**5. Wills—Probate—Contest—Petition.**

The petition of contest in the instant case carefully examined, and found not to set up any legal grounds of contest of the probate of the will offered for and probated.

**6. Indians—Testamentary Capacity—Statutory Provisions.**

The proviso of section 8341, Rev. Laws 1910, does not apply to wills executed by members of the Five Civilized Tribes of Indians devising their allotted lands.

(Syllabus by Collier, C.)

Error from District Court, Ottawa County; Preston S. Davis, Judge.

Petition by Walter J. Brock for probate of the will of Sarah C. Keifer. Opposed by Henry Keifer. Judgment for contestant, and

proponent brings error. Reversed and remanded, with instruction to admit will to probate.

A. C. Towne, for plaintiff in error.

S. C. Fullerton, for defendant in error.

Opinion by COLLIER, C. At the outset we are met with a motion by Henry Keifer to dismiss the appeal, for the reason and upon the grounds that the beneficiaries named in the will of Sarah Keifer, deceased, being her eight children, are necessary parties to this appeal, and none of them, except Walter J. Brock, is a party to the same. It is true that notice issued to the various parties named as beneficiaries in the will of the application to probate the will, but the only parties who took part in the proceedings in the court below were the said executor, Walter J. Brock, and Henry Keifer. We are unable to agree with the contention that this appeal should be dismissed. The same is not an open question in this jurisdiction, but directly decided adversely to said contention in Bell v. Davis, 43 Okla. 221, 142 Pac. 1011; the syllabus of said case reading:

"(1) Upon appeal to the district court from an order or judgment of the county court admitting a will to probate the only necessary parties are the executor, or administrator with the will annexed, who was the petitioner or proponent of the will, and the contestants, who opposed its admission, and they being parties, the judgment of the district court admitting or refusing to admit a will to probate has the same effect as if all persons interested in the establishment of the will were made formal parties to the proceedings, and. while such judgment remains in force, subject only to reversal by this court and the statutory remedy of contesting the will after probate, it is conclusive upon the world.

"(2) Upon appeal to this court from a judgment of the district court refusing to admit a will to probate, such executor, or administrator with the will annexed, is the only necessary party plaintiff in error."

It therefore follows that the motion to dismiss the appeal should be overruled.

On June 23, 1913, Walter J. Brock filed a petition for the probate of the will of Sarah C. Keifer, deceased, executed on the 30th day of September, 1908. On August 2, 1913, Henry Keifer. husband of the said Sarah C. Keifer, filed opposition to the probate of the said will as follows:

"Comes now Henry Keifer, and represents to the court that he is the surviving husband of the said Sarah Keifer, deceased; that he is interested in the estate of said Sarah C. Keifer, deceased, and that under the law in force in the state of Oklahoma Sarah Keifer could not dispose of more than two-thirds of her estate; that by the terms of the will now

offered for probate, the same purporting to be the last will and testament of said Sarah Keifer, the said testatrix has undertaken to make final disposition of all of her estate, without making any provision whatever for your petitioner; that the real estate of which said testatrix was possessed of at the time of her death, and which she undertook to dispose of by the terms of said purported will, was the homestead, and occupied by this petitioner and the said testatrix; and that, as the surviving husband of said testatrix. he is entitled to such homestead.

"Wherefore said petitioner prays that the said purported will be held invalid and ineffective by reason of the same not having any provisions therein for him. and that he be accorded his interest in said estate and all rights which under the law he is entitled to, and for other proper relief."

To the petition of the contestant Walter J. Brock filed a demurrer, upon the following grounds:

"(1) Said petition does not state when the will was executed nor when the deceased died, nor what estate deceased died seised, or what estate deceased owned at the date of the execution of the will.

"(2) Said petition to contest the probate of said will does not state facts sufficient in law as a defense or legal objection or reason for refusing the said will to probate."

On August 26, 1913, the court sustained the said demurrer to the petition of the contestant, and on December 19, 1913. found that the testimony showed testamentary capacity of the testatrix, and due and legal execution of the will, and admitted the will to probate.

Thereafter the papers were certified and transmitted to the district court on appeal. It was not shown that the appellant in taking his appeal filed an affidavit, as provided by section 6503, Rev. Laws 1910. A motion to dismiss the appeal was filed in the district court by said Walter J. Brock on the following grounds:

"(1). Because the same was not taken in time.

"(2) There was no affidavit or notice served or made as provided by law by applicant.

"(3) The said appeal is not taken in the manner and form as provided by law. There is no notice of said appeal as required by law.

"(4) There is no appeal bond as required by law."

The district court overruled the motion to dismiss the appeal, to which an exception was saved.

The cause was heard upon the pleadings filed in the county court, and the court overruled the demurrer of said Brock filed to the

petition of Henry Keifer objecting to the probating of said will, and ordered, adjudged, and decreed that said will is null and void and of no legal force and effect as to Henry Keifer, the appellant herein and protestant to the probate of said will; the court finding said will to have been made in 1908, and that said Sarah C. Keifer, deceased, died in the year 1911, some considerable time after the passage and taking effect of section 8341 of the Revised Laws of 1910. The court finds that upon the passage and taking effect of said law the same applies to and becomes a part of the said will, and said will should not be admitted to probate as ' to Henry Keifer, except as hereinafter set forth; and it is further decreed by the court that the rights of the contestant of said will, Henry Keifer, shall be determined according to said section 8341, irrespective of the terms of said will, and that said will, as to the rights of said Henry Keifer, is void, and cannot be probated until the rights of said Henry Keifer under the said section 8341 have first been established, and that the petitioner for the probate of said will be and is adjudged to pay the costs. To which finding and judgment said Brock duly excepted, and to reverse the same brings error to this court upon the following assignments:

"First. The court erred in overruling the motion to dismiss the appeal.

"Second. The court erred in overruling plaintiff in error's demurrer and in holding that the matters set out in Keifer's contest of the will could be litigated in the probate of the will. and that the law of 1909 ·was retroactive in its effect.

"Third. The court erred in holding that the laws of the state of Oklahoma applied to Sarah C. Keifer in willing her allotment to her children, and that this matter could be heard in probating of the will."

The only ground earnestly insisted upon by said Brock for the dismissal of said appeal by the district court is:

"That the fact which entitles such person to appeal must be shown by an affidavit, which must be filed with a notice: that this is jurisdictional, and without such affidavit the appeal is not complete, and the appellate court acquires no jurisdiction of the appeal; that such affidavit is mandatory, and the appeal therefore is a nullity, and the motion should have been sustained."

Section 6503, Rev. Laws 1910, reads:

"A person interested in the estate or funds affected by the decree or order, who was not a party to the special proceeding in which it was made, but who was entitled by law to be heard therein, upon his application, or who has acquired, since the decree or order was made, a right or interest which would have entitled him to be heard, if it had been previously acquired, may also appeal as prescribed in this article. The facts which

entitle such person to appeal must be shown by an affidavit which must be filed with the notice of appeal."

This section provides for an appeal by an interested party who is not a party to the cause in the county court, but has no operation in an appeal taken by one who was a party to the action in the county court, as in the instant case; and the contention that the filing of the affidavit required by said section 6503 was "mandatory, and the appeal therefore a nullity" is not based upon the slightest foundation, and the trial court correctly overruled the motion to dismiss the appeal.

The only question that can be adjudicated on application to probate the will is whether or not the instrument offered for probate is or is not the last will and testament of the decedent. Whether or not the will conveyed title to the property purported to be conveyed by the will cannot be legally determined on application to probate the will, and consequently the court committed reversible error in overruling the demurrer to the petition contesting the probating of the will, and also in passing upon the right of the husband to the property of which the wife died possessed, as the same was not germane to the question of probate of the will, and holding that by reason of the provisions of section 8341 the will was void. Whether or not the husband owned or had an interest in the property of the wife devised or that the same was a homestead was in no wise involved in the probate of the will.

In re Allen's Will, 44 Okla. 392, 144 Pac. 1055, it is held:

"In a proceeding to probate a will under sections 6210 and 6211, Rev. Laws 1910 (sections 5157 and 5158, Comp. Laws 1909), the only issue triable is the factum of the will or the question of devisavit vel non."

In said case Judge Sharp, speaking for the court, said:

"It will be noted that the conclusion to be reached upon a hearing of the contest is whether the will shall be rejected or admitted to probate. There is no authority conferred by statute by which the court, upon a hearing of the contest, has authority to construe the will or adjudicate upon the rights of the parties or the validity of the disposition thereof. The latter section of the statute is the same as section 5672, Comp Laws of Dakota 1887 (section 47, Prob. Code, Comp. Laws South Dakota 1910). Construing this section of the South Dakota statute, from which state our statute appears to have been adopted, the Supreme Court of that state, in Irwin et al. v. Lattin et al., 29 S. D. 1, 135 N. W. 759, Ann. Cas. 1914 C, 1044, held that upon a proceeding to probate a will the only matters to be adjudicated were that the will was duly executed and attested and was not procured by fraud; that the testator had

sufficient mental capacity to make a will, and had authority to dispose of his property by will; that the attesting witnesses, where required, were competent and credible; and that the evidence was sufficient to sustain the probate. The court cites, in support of its conclusion, the following cases: In re Thompson's Estate, 26 S. D. 576, 128 N. W. 1127, Ann. Cas. 1913B, 446; In re John's Will, 30 Or. 494, 47 Pac. 341, 50 Pac. 226, 36 L. R. A. 242; In re Murphy's Estate, 104 Cal. 554, 38 Pac. 543; Hathway Appeal, 46 Mich. 326, 9 N. W. 435; Farmer v. Sprague, 57 Wis. 324, 15 N. W. 382; Greenwood v. Murray, Ex'r, 26 Minn. 259, 2 N. W. 945; In re Jones' Estate, 84 Wis. 465, 54 N. W. 917."

It therefore clearly appears that the court committed reversible error in holding that the will could not be probated until the rights of the said Henry Keifer, the husband, under said section 8341, have first been established, and in holding that the will was void as to him.

Section 8341 reads:

"Every estate and interest in real or personal property to which heirs, husband, widow, or next of kin might succeed, may be disposed of by will: Provided, that no marriage contract in writing has been entered into between the parties, no man while married shall bequeath more than two-thirds of his property away from his wife, nor shall any woman while married bequeath more than two-thirds of her property away from her husband: Provided, further, that no person who is prevented by law from alienating, conveying or incumbering real property while living shall be allowed to bequeath same by will."

Whether said section, having been passed subsequent to the execution of the will, affects the title to the property willed, is not an open question in this jurisdiction; the settled rule being that a will is governed by the laws as they exist at the time of the death of the maker, and not as they existed at the time the will was executed. In Wilson v. Greer, 50 Okla. 387, 151 Pac. 629, it is held:

"A will is ambulatory during the life of its maker. It is, in effect, reiterated as his testament at each moment of his life after its execution, including the last moment, and is governed by the law existing at the time it takes effect, which is at the time of the testator's death."

It is further held in said cause:

"A statute passed after the making of a will, but before the death of the testator, by which the law in force when the will was made is changed, will operate on the will, and to give such interpretation to the statute does not make it retrospective, since it affects no vested rights."

In Joseph C. Barber et al. v. Ben Brown et al., 55 Okla. 34, 154 Pac. 1156, it is held:

"An enrolled Chickasaw freedman executed a will on the 4th day of August, 1904, at which time she was without legal authority to convey her allotment by will, and she departed this life on the 9th day of September, 1906, at which time she had authority, under act of Congress approved April 26, 1906 (34 Stat. 137, c. 1876), to convey her allotment by will. After the death of such testatrix said will was admitted to probate. Held, that such will was governed by the laws as they existed at the time of the death of said testatrix, and legally devised her property, including her allotment"

—and cited with approval the case of Wilson v. Greer, supra.

But the effect of said section 8341 cannot legally be considered in passing upon a petition to probate a will, as the question of the title to the property sought to be devised can in no wise arise or be determined in an application to probate a will, or in any wise affect the question of probate.

While the record in this case fails to show conclusively that Sarah C. Keifer was a Cherokee Indian and the lands devised by her will were her allotment, we think the record indicates such to be the fact, and in the event that our supposition is correct we deem it necessary to call attention to the fact that section 8341, Rev. Laws 1910, would have no field of operation in this case, as it is held in Walker v. Brown, 43 Okla. 144, 141 Pac. 681, that said section does not apply to Indians of the Five Civilized Tribes. In said case, which involved the devise of the allotment of a half-blood Seminole Indian, Chief Justice Kane says:

"This court has repeatedly held that acts of Congress supplant the laws of Oklahoma in relation to Indians, that certain state laws which are applicable to every other citizen are not in force as against or pertaining to the Indians of the Five Civilized Tribes, and that we have here, respecting some matters, two classes of citizens and two legislative sovereignties. Jefferson v. Winkler, 26 Okla. 653, 110 Pac. 755; Kirkpatrick v. Burgess, 29 Okla. 121, 116 Pac. 764; Wilson v. Morton et al., 29 Okla. 745, 119 Pac. 213. The Congress, in the exercise of its power, has undertaken to legislate for the Indians along lines which it deems will subserve their best interests, and it is not within the province of this court to inquire whether it performs this duty well or ill. In the instant case, and others similar to it, the Congress has seen fit to permit the Indians to dispose of certain of their allotted lands by will, whilst it prohibits all other conveyances, alienations, or incumbrances. It is obvious that, if the state law were given the construction contended for, it would have the effect of interfering with the policy of the Congress toward the Indians in the matter of the alienation of their allotted lands * * * We therefore conclude that the will of Lizzie Bruner was valid."

This case should be reversed and remanded, with instruction to the district court of Ottawa county to affirm the decree of the county court admitting the will of said Sarah C. Keifer, deceased, to probate.

By the Court: It is so ordered.