## APPEAL OF SIMS' ESTATE.

No. 19777. Opinion Filed Jan. 24, 1933.

Rehearing Denied Feb. 14, 1933.

ANDREWS, J. This is an appeal from a judgment and decree of the district court of Woods county on an appeal from an order of the county court. The district court denied the motion of the plaintiffs in error, Chris Sims and Eliza Chambers, to set aside and vacate the appointment of Gus Hadwiger as the administrator with will annexed of the estate of J. H. Sims, deceased, and to set aside and hold for naught all the proceedings in the administration of said estate had after the appointment of said Hadwiger.

From the record it appears that J. H. Sims, a resident of Woods county, died on or about November 6, 1920, seized and possessed of certain real and personal estate situated in said county, and leaving no issue. Prior to his death he executed his last will and testament in which he bequeathed to his father, Henry Sims, the sum of $10, and in which he devised and bequeathed the remainder of his property, as follows:

"* * * to Mag Hyatt, who was born in Washington county, Tenn., all the residue and remainder of my personal property, money, goods and chattels.

"Third. I devise to said Mag Hyatt, during her natural life time, the southeast quarter of section thirty-two (32), township twenty-six (26), range fourteen (14) west in Woods county, Okla., and all of my real estate in the city of Avard, Okla., during her natural life and at her death to be devised to Chris Sims and Eliza Chambers equally share and share alike or their heirs, should they not survive Mag Hyatt.

"Fourth. I devise to John Billings the north half (½) of the northeast quarter (¼) of section five (5), township twenty-five (25), range fourteen (14) west, Woods county, Okla."

The record shows that each of the devisees named in the will survived the testator; that Mag Hyatt (sometimes called Mag Sims) was the wife of the testator; that the will was duly and legally admitted to probate by the county court of Woods county; that Mag Hyatt was duly and legally appointed administratrix with will annexed on the application of herself and Chris Sims, and that she qualified as such. No attack is made herein on either the will, the probate thereof, or the appointment of Mag Hyatt.

The record shows that on the day of the hearing of the petition for the probate of the will, Mag Hyatt filed in the county

R. M. Chase and Mauntel & Spellman, for plaintiffs in error.

Hadwiger & Hadwiger, for defendant in error.

court a formal election to take under the provisions of the will. The record shows that thereafter, and on the 19th day of May, 1921, she filed an instrument by which she withdrew her election to take under the provisions of the will, asked for leave to make such election at the time of the settlement of the estate, and requested that she be granted a widow's allowance of $40 per month pending final settlement of the estate. She set out therein as her reason for withdrawing her election to take under the will that at the time she made and filed that election it had been represented to her by various relatives that there were no debts against the estate, and that subsequently she had learned that J. H. Sims had signed a note as surety for one Frank Baergen for $1,500, and that he had signed another note for $200, upon which Chris Sims was principal, and that neither of said notes had been paid, and that she had been informed that Baergen was unable to pay his note, and that she was likely to be compelled to pay said note out of the estate, which would leave her in a bad financial condition in case she took under the will.

The record shows that on May 27, 1921, she filed her resignation as administratrix, in which she stated:

"* * * that by reason of her ill health, she is unable to attend to her duties as such administratrix and that she hereby resigns as such administratrix and refuses to act any further as such.

"Applicant further states that she deems it to her best interest and to the best interest of said estate, that Gus Hadwiger of Alva, Okla., be appointed as administrator with the will annexed to succeed this applicant.

"And this applicant Mag Hyatt hereby requests that Gus Hadwiger of Alva, Okla., be appointed as administrator with the will annexed of the estate of J. H. Sims, deceased, and that he act in said capacity from this date."

No final account, report, or statement of property coming into her hands as such administratrix was filed. No notice was issued or published of the application to have Hadwiger appointed.

On June 3, 1921, the county court made an order that letters of administration with will annexed be issued to Gus Hadwiger, in which it was recited:

"Now, on this 3 day of June A. D. 1921, at the time and place fixed by order of this court for hearing petition of Mag Hyatt, the widow of J. H. Sims, deceased, for letters of administration with the will annexed to be issued to Gus Hadwiger, upon the estate of the said J. H. Sims, deceased, comes said petitioner, and no person appears to contest or object to said petition, and it appearing to the court from proof, that due notice of hearing said petition at this time has been given according to law and the order of the court herein, and the court after hearing evidence finds that all material allegations of said petition are true and that the administratrix with the will annexed, to wit, Mag Hyatt, has resigned and requested in writing that Gus Hadwiger is a fit person and entitled to be appointed administrator with the will annexed of said estate as prayed for in said petition."

Letters were issued to him and he qualified on that date. An inventory and appraisement was made and filed showing no personal property, but listing all the real estate described in the will.

No further proceedings were had until January 31, 1924, at which time there was filed an instrument denominated "Widow's Election to Take Under the Law," which recited:

"Now, on this 31st day of January, 1924, I, Mag Hyatt, the beneficiary named in the will of J. H. Sims, deceased, and the widow of the said J. H. Sims, deceased, being fully informed as to the law and my rights under the laws of the state of Oklahoma, do now and hereby elect not to take under the will of J. H. Sims, deceased; but do now and hereby elect to take under the law of the state of Oklahoma as the widow of J. H. Sims, deceased.

"I expect and have no objections to the enforcement of part of paragraph 2 in said will that portion of said paragraph which provides a bequest of $10 to Henry Sims, the father of the testator.

"I also have no objection to carrying into effect and enforcing paragraph four of said will which provides and devises to John Billings the north half of the northeast quarter of section five, township twenty-five north, range fourteen west of the Indian Meridian, Okla."

On the same day the administrator filed his final account and petition for distribution, showing that all debts, funeral expenses and expenses of the last sickness had been paid, and that the bequest of $10 to Henry Sims had been paid, referring to the election of the widow to take under the law filed on that date, and praying:

"This administrator therefore prays that the court decree the real property of the estate to her, as she is the survivor and sole and only heir; except that certain real

property, to wit: The north half of the northeast quarter of section five, township twenty-five north, range fourteen west of the Indian Meridian, Okla., which the testator devised to John Billings, and which this administrator prays be decreed to him as provided by the terms of the said will.

"That all the other property of the testator both real and personal of which the deceased died seized and possessed is asked by this administrator to be decreed to the widow of the deceased, to wit, Mag Hyatt, whose real name is Maggie Sims."

The final account and petition for distribution were set for hearing for March 1, 1924. Notice thereof was issued and published in the Woods County Enterprise, a newspaper published in Waynoka in said county, February 8 and 15, 1924, and proof of publication was duly made and filed.

On March 1, 1924, the county court made and entered its order settling and approving the final account and decreeing distribution, wherein the court made findings as follows:

"The court further finds that Mag Hyatt, one of the beneficiaries named in the will, is the same and identical person as Maggie Sims; that said Mag Hyatt or Maggie Sims was the common-law wife of J. H. Sims, the testator, and that said Mag Hyatt and the said testator lived together as husband and wife for a period of 33 years, 23 years in Woods county, Okla., prior to and up to the time of the death of the testator.

"That all of the real estate described above was the joint accumulations of the said J. H. Sims, the testator above named, and his wife, the said Mag Hyatt, during coverture.

"The court further finds that that (sic) the said wife of the testator, did by virtue of an instrument in writing filed in this cause on the 31st day of January, 1924, elect to take under the will of the said testator, and that said election is in proper form made by the said widow after being fully advised in the premises as to her rights as such widow of said testator."

The decree of distribution was, in part, as follows:

"To Henry Sims the father of decedent the sum of $10, which said sum has been paid as is evidenced by the voucher produced by the said administrator.

"To John Billings the north half (N. ½) of the north-east quarter (N. E. ¼) of section five (5), in township twenty-five (25) north, range fourteen (14), west of the Indian Meridian, Okla.

"All the rest, residue and remainder of the real property of which the testator J. H. Sims, died seized and wherever the same is situated to Mag Hyatt whose real name is Maggie Sims, under her election, to her in fee forever."

It further provided:

"It is, therefore, ordered, adjudged, and decreed by the court, that the above-described shares of the estate of J. H. Sims, deceased, so as aforesaid, set opposite their names, be and the same are hereby transferred, vested, and assigned and conveyed to the said heirs by virtue of the said will and by virtue of the statute of the state of Oklahoma to the said beneficiaries, and their heirs forever. * * *"

Both Chris Sims and Eliza Chambers had knowledge of the proceedings up to and including the day on which the will was admitted to probate. The record shows that neither of them had any actual knowledge of the proceedings after that date and prior to the death of Mag Hyatt on the 10th day of September, 1927. After her death they learned of those proceedings and they filed a motion to set aside the appointment of Mr. Hadwiger as administrator with will annexed and to set aside all of the proceedings thereafter, including the final decree. They also prayed that an administrator with will annexed be appointed. Chris Sims also filed a formal petition that letters of administration with will annexed be issued to him. Therein he set out that Mag Hyatt was the wife of J. H. Sims, deceased, and that she had departed this life September 10, 1927. The motion and petition were set for hearing and notice thereof given, whereupon John Billings filed an answer setting out that he was the beneficiary under the will of J. H. Sims, and the sole beneficiary under the will of Maggie Sims, also known as Mag Hyatt, and interested in the estate of J. H. Sims, and denied all the allegations of the motion and petition, and specifically denied that the estate of J. H. Sims was irregularly administered or closed.

A hearing was had in the county court. The county court made extensive findings of fact as to certain irregularities in the proceedings, and conclusions of law based upon such findings to the effect that the appointment of Hadwiger administrator with the will annexed and all proceedings had by him were absolutely void, and made an order setting the same aside and appointing Chris Sims administrator with will annexed of the estate of J. H. Sims, deceased. Appeal was duly perfected to the district court, where a trial de novo was

had, and the trial court found and held that all the proceedings had in the county court as to the appointment and resignation of Mag Hyatt as administratrix were regular; that the appointment of Gus Hadwiger as her successor at her request was regular and proper; that his final account and petition for distribution were regular; that notice and hearing were regular and in conformity with law and that no objection or exception was taken thereto and no appeal taken from the final decree of distribution. The decree of the court was in conformity therewith. From that judgment and decree the plaintiffs in error, Chris Sims and Eliza Chambers, appealed.

It is herein contended that the trial court erred in rendering judgment upholding the appointment of Gus Hadwiger as administrator with will annexed. That contention is based on the contention that the appointment of Mag Hyatt as administratrix with will annexed was not vacated and that her resignation as such was not accepted. The fact that the trial court appointed a successor for her is sufficient answer to that contention.

We know of no rule of law preventing the court appointing an administrator with will annexed because the administratrix with will annexed has not filed a final account.

The resignation of Mag Hyatt as administratrix with will annexed was in effect a petition for the appointment of an administrator with will annexed.

Mag Hyatt was the widow of the deceased. As such she was entitled to preference in the appointment of an administrator with will annexed of his estate. Section 1141, C. O. S. 1921. Either she, or some competent person whom she might request, was entitled to the appointment. It is not necessary that any notice be given to any one of such an appointment. Section 1147, C. O. S. 1921.

We find no error in the finding of the trial court that Gus Hadwiger was legally appointed administrator with will annexed.

One of the specifications of error is that the trial court erred in holding that the widow could withdraw her election to take under the provisions of the will and elect to take under the provisions of the law. The general rule is that such an election will not be enforced where it appears that it was not the result of intelligent and discriminating choice with full knowledge of the facts, and where no interested person has changed his position in reliance upon such an election to such an extent as to make it inequitable to permit the withdrawal thereof. Owens v. Andrews (N. M.) 131 P. 1004.

We find nothing in this record to justify this court in holding that any one was prejudiced by the filing of the election of Mag Hyatt to take under the will and the subsequent withdrawal thereof and the filing of an election by her to take under the law.

In Bank of Commerce & Trust Co., Ex'r, v. Trigg, 138 Okla. 216, 280 P. 563, it was held that a widow is entitled to take under the law without electing to do so.

The issues presented in this court may be determined by the application of the rules stated and applied in that case and in Ward v. Cook, 152 Okla. 234, 3 P. (2d) 728. The record in that case showed that a will had been admitted to probate and that the estate had been distributed under a decree of the county court. An action in the district court had been instituted to recover an interest in the estate and to recover the possession of the homestead. The question presented on appeal, in the language of this court, was:

"Does the decree of distribution issued out of the county court sitting in probate, in contravention of statute, awarding more than two-thirds of the estate in question to a person other than the surviving wife, bar that wife's recovery of such statutory interest in a court of equity where such proceedings of a county court are made the subject of attack and the facts appear upon the face of the record attacked?"

That question was decided by this court in the negative. This court said:

"* * * That not only is the will invalid as to the existing right and interest of the surviving wife, but likewise the decree of distribution is also invalid to the extent of her share of the estate."

Applying those rules to the facts shown by the record in this case, we hold that the county court did not have authority of law to enter a decree distributing the property as it was distributed in the decree of distribution as shown by the record in this case.

The authority of the county court to distribute any portion of the estate to Mag Hyatt, after she had elected to take under the law, was to distribute to her that portion of the estate to which she was en-

titled as the surviving spouse of the testator, where the testator had died disposing of the property by will. The county court went further than that and distributed the estate in a way that is apparent from the record to be without any authority of law, that is, $10 to Henry Sims under a provision of the will, 80 acres of land to John Billings under a provision of the will, and the "rest, residue and remainder of the real property" to Mag Hyatt, under no provision of the will, and under no provision of the statutes. The county court had no authority either under the will or under the law to distribute the "rest, residue and remainder of the real property" to Mag Hyatt "in fee forever."

We are not unmindful of the effect of the provisions of section 1360, C. O. S. 1921, as construed by this court. However, those provisions relate to orders which are valid on their face, and not to orders which are void on their face. The decree of distribution in this case recites that Mag Hyatt had elected "to take under the statutes of the state" as the widow of the testator, and the property therein distributed to Mag Hyatt was distributed to her "under her election." "Under her election" she was not entitled thereto. Under her election she was entitled to use and occupy the homestead and to an undivided one-third interest in fee in the estate of her deceased husband, but she was not entitled to the "rest, residue and remainder of the real property of the estate." The invalidity of the decree of distribution is apparent on the face of the instrument.

It is contended that since the court found that the estate consisted of jointly acquired property, Mag Hyatt was entitled to all of it under the provisions of subdivision 2, section 11301, C. O. S. 1921. The provisions of that section are applicable only "when any person having title to any estate not otherwise limited by marriage contract, dies without disposing of the estate by will. * * *" Since J. H. Sims did not die without disposing of his estate by will, and since he disposed of his estate by will, in so far as he was authorized by the statutes of Oklahoma so to do, the section is not applicable.

The question thus presents itself as to what distribution should have been made of that portion of the estate other than that bequeathed to Henry Sims, that devised to John Billings, and that which Mag Hyatt took under the law.

Under the provisions of the will, Mag Hyatt had been bequeathed all of the personal estate and she had been devised a life estate in the real estate except the 80 acres. The intention of the testator, as evidenced by the will, was that the devise and bequest to her should be in lieu of her inheritable interest in the estate. When she elected to take under the law, she thereby renounced her right to take under the will, and the devise and bequest to her in the will lapsed. Otherwise the provisions of the will remained in force and effect. The legal effect thereof was that the personal property and the life estate in the real estate that had been devised and bequeathed to her did not pass under the provisions of the will. A provision of the will was that Chris Sims and Eliza Chambers were to have that real estate on the death of Mag Hyatt, but there is nothing in the will to indicate that Chris Sims and Eliza Chambers were to have that real estate prior to the death of Mag Hyatt. Since the personal property and the life estate in the real estate were not disposed of by the provisions of the will after the election of Mag Hyatt to take under the law, they passed under the law of succession as though the testator had died leaving no wife, that is, under the provisions of subdivision 2, section 11301, supra, to the father of the testator, Henry Sims.

The decree of distribution was invalid. It is contended herein that it was not void.

When the county court determined as a matter of fact that J. H. Sims had died testate, that Mag Hyatt was his widow, and that Mag Hyatt had elected to take under the law, it became the duty of that court to distribute to her her share of the estate under the law. The county court was bound by the law and was bound to apply the law applicable to the facts as found by that court and recited in its decree of distribution. That law was that Mag Hyatt should take one-third of the estate. There was no law by which, under the determined facts, Mag Hyatt should take all of the estate. We are not unmindful of the authorities cited as to the presumption to be indulged as to the jurisdiction of the court. Without question the county court had jurisdiction of the parties and of the subject-matter. The question is, Did the county court have jurisdiction to render the judgment which it rendered? If it did not, that judgment is void on the face of the record. As held by this court in Roth v.

Union Nat. Bank of Bartlesville, 58 Okla. 604, 160 P. 505:

"Where the record in a case affirmatively discloses the facts to be such that such court is without power in such case to make the order or decree it assumes to make, the same is void, and therefore subject to collateral attack for want of jurisdiction to the extent, at least, that such court is without power to make the same."

Therein the court quoted from 24 Cyc. 684, as follows:

" 'In addition to jurisdiction of the parties and the subject-matter, it is necessary to the validity of a judgment that the court should have jurisdiction of the question which its judgment presumes to decide, or of the particular remedy or relief which it assumes to grant, and should not undertake to pass upon matters outside the issue'."

In Lee v. Tonsor, 62 Okla. 14, 161 P. 804, an order of a county court purporting to authorize a guardian to mortgage the land of his ward to secure debts that were not a lien against the estate, or for the payment of which the estate was not bound, was held to be in excess of the power of that court and void. In Winters v. Oklahoma Portland Cement Co., 65 Okla. 132, 164 P. 965, it was held that the statutory provision requiring appraisement of the land within a year prior to the sale was mandatory and goes to the jurisdiction of the court to make an order of confirmation. In Jackson v. Carroll, 86 Okla. 230, 207 P. 735, it was held that a county court was without power to direct a guardian to sell the several allotments of three minors as one. In Glover v. Warner, 135 Okla. 177, 274 P. 867, it was held that a county court was without power to make an order authorizing a guardian to execute a mortgage creating a lien on the property of his ward for the purpose of paying delinquent taxes against the land of the ward. In Jent v. Jent, 145 Okla. 74, 291 P. 529, it was held that a county court was without authority of law to approve a final report of an executor and to make a decree of distribution six days after the appointment of the executor. In each of those cases it was held that such an order was void on its face and subject to collateral attack.

We, therefore, hold that a county court, after determining that a deceased died testate leaving surviving him a widow and other heirs, and that the widow had elected to take under the law rather than under the provisions of the will, was without authority of law to distribute more than one-third of the estate to the widow, to the exclusion of the devisees and legatees named in the will, prior to the amendment of section 11224, C. O. S. 1921, and that such an order is void on the face of the record.

In the absence of the statute, the estate of J. H. Sims would have passed to the devisees and legatees in accordance with the provisions of the will. In the decree of distribution the county court found the existence of the facts but distributed all of the real estate, other than that devised to John Billings, to Mag Hyatt in fee. There was no authority of law therefor. The invalidity of the order appears on the face of the record. The decree was and is void.

We are not unmindful of the decision of this court in National Exploration Co. v. Robins, 140 Okla. 260, 283 P. 236, and the cases cited therein. They are not applicable to the facts shown by the record in this case.

Since the decree of distribution is void on the face of the record, and since the county court refused to vacate it, the district court was authorized to direct the county court to vacate the order and to render a proper decree.

For the reasons stated, the judgment of the trial court is reversed and the cause is remanded to that court, with directions to enter an order requiring the county court to vacate the decree of distribution and to enter a decree distributing the estate of J. H. Sims, as follows: First, to distribute to Mag Hyatt an undivided one-third interest in the estate in fee; second, to approve the payment of the sum of $10 by the administrator with will annexed to Henry Sims in satisfaction of the bequest to him; third, to distribute to John Billings the north half of the north-east quarter of section 5, township 25 north, range 14 west; fourth, to distribute to Henry Sims all of the personal property of the estate, if any, after the payment of the debts and costs of administration; fifth, to distribute to Henry Sims all of the remainder of the real estate for the term of the life of Mag Hyatt; and sixth, to distribute to Chris Sims and Eliza Chambers, equally share and share alike, all of the remainder in the real estate distributed to Henry Sims after the termination of the estate distributed to him.

CULLISON, V. C. J., and SWINDALL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. RILEY, C. J., dissents. McNEILL, J., absent.