**CORNELIUS et al. v. FRANK, Ex'r, et al.**

No. 24192.    Sept. 10, 1935.

J. R. Huggins and Tom C. Waldrep, for plaintiffs in error.

Carver & Wilson and William L. Seawell, for defendants in error.

PER CURIAM. The facts in this case, with some brevity, are: That George Cornelius was a member of the Creek Tribe of Indians duly enrolled as a full-b'ood opposite roll No. 5851 on the final rolls of said tribe; that at the time of his death he left a will bearing date May 6, 1930, and bearing the approval of the United States Commissioner under date of May 8, 1930, by the terms of which the allotted lands of said George Cornelius, as well as his personal property, were devised and bequeathed to certain of his nephews and to a grandniece; that he left surviving him neither father, mother, wife, child, nor issue of any deceased child. This will was duly admitted to probate, and Tingo Frank was appointed executor and duly qualified as such. Said executor filed his final account and petition for distribution and discharge, whereupon Tommy, Barney and Cyrus Cornelius, other heirs at law of said George Cornelius, filed their protest to said account and petition for distribution claiming that they were entitled to share in said estate. Upon a hearing in the county court of Seminole county, this protest was sus-

tained and distribution under the terms of said will was denied. On appeal to the district court of said county, the order of the county court was reversed and the estate ordered distributed in accordance with the terms of said will, and from that order this appeal is perfected.

The sole queston presented is whether or not George Cornelius was prohibited by section 11224, C. O. S. 1921 (section 1539, Okla. Stat. 1931), from disposing of his restricted lands by will. The plaintiffs in error contend that he was so prohibited by the last proviso of said section, which reads as follows:

"Provided, further, that no person shall by will dispose of property which could not be by the testator alienated, encumbered or conveyed while living, except that the homestead may be devised by one spouse to the other."

A provision of similar import was under consideration in Walker et al. v. Brown, 43 Okla. 144, 141 P. 681, and this court there held that:

"The phrase, 'prevented by law,' as used in that part of section 8341, Rev. Laws 1910, which provides, 'no person who is prevented by law from alienating, conveying or encumbering real property while living shall be allowed to bequeath same by will', means prevented by law of the state, and does not apply to Indians of the Five Civilized Tribes who are prevented by Act of Congress from alienating, conveying, or encumbering real property while living, otherwise than by last will and testament."

And to the same effect are In re Allen's Will, 44 Okla. 392, 144 P. 1055, and Brock v. Keifer, 59 Okla. 5, 157 P. 88; but plaintiffs in error contend that these cases have been overruled by Blundell et al. v. Wallace, 96 Okla. 26, 220 P. 40; 267 U. S. 373, 45 Sup. Ct. 247 and Spaniard et al. v. Tantom, 131 Okla. 75, 267 P. 623, and the court in the latter case so indicated. However, in these cases the courts were dealing with the first proviso of said section, and not with the proviso here under consideration.

In the later case of Tiger v. Timmons, 147 Okla. 141, 295 P. 614, it was held that the provisions of section 11224, C. O. S. 1921, which forbids the husband or wife from bequeathing away from the other more than two-thirds of his or her property, was in conflict with the proviso to section 23 of the Act of Congress of April 26, 1906, as amended by the Act of May 27, 1908, relating to wills of members of the Five Civilized Tribes, where the will of a full-blood member of either of said Tribes was concerned, and that the Act of Congress prevailed and in

referring to the case of Blundell v. Wallace, supra, said:

"It must be remembered, however, that the court there was considering the will of an Indian of the half blood. In the instant case we are considering the will of a full-blood member of one of the Five Civilized Tribes."

By section 23 of the Act of Congress of April 26, 1906, it is provided:

"Every person of lawful age and sound mind may by last will and testament devise and bequeath all of his estate, real and personal, and all interest therein.. Provided, that no will of a full-blood Indian devising real estate shall be valid, if such last will and testament disinherits the parent, wife, spouse, or children of such full-blood Indian unless acknowledged before and approved by a Judge of the United States Court for the Indian Territory or a United States Commissioner."

This was amended by the Act of Congress of May 27, 1908, sec. 8 (35 Stat. 315), by adding "or a judge of a county court of the state of Oklahoma."

In Blundell v. Wallace, supra, the Supreme Court of the United States held that the effect of this section was to remove a restriction theretofore existing upon the testamentary power of the Indians, leaving the regulatory local law free to operate as in the case of other persons and property. But it must be borne in mind that the court was dealing only with that part of the section of the state statute which forbids the husband or wife from bequeathing away from the other more than two-thirds of his or her property, and that no mention of the part of the section here under consideration was made.

It will be observed that section 23 of the Act of Congress of April 26, 1906, does not prescribe any limitation upon the right of an Indian to dispose of his property by will, except that contained in the proviso, which can have no effect here, because George Cornelius left no parent, wife or children surviving but that "every person of lawful age and sound mind may by last will and testament devise and bequeath all of his estate, real and personal, and all interest therein," regardless of the restrictions upon alienation existing during the lifetime of the testator.

The effect of that part of section 1539, Okla. Stat. 1931 (amending section 11224, C. O. S. 1921), here considered if it is held to apply to members of the Five Civilized Tribes, is to impose a restriction upon alienation of their lands, which restriction had been removed by the Act of Congress, supra. This the state cannot do. Congress has the plenary authority to enact laws relating to the

disposal of restricted lands by members of the Indian Tribes. This authority was specifically reserved to the United States in the Enabling Act, by the following provision in section 1 thereof:

"Provided, that nothing contained in the said Constitution shall be construed to limit or impair the right of persons or property pertaining to the Indians of said Territories (so long as such rights shall remain unextinguished) or to limit or affect the authority of the Government of the United States to make any law or regulation respecting such Indians, their lands, property or other rights by treaties, agreement, law or otherwise, which it would have been competent to make if this Act had never been passed" (Act Cong. June 16, 1906, 34 Stat. L. 267)

—and such authority cannot be limited or impaired by the Constitution or laws of the states. State ex rel. Miller v. Huser, 76 Okla. 130, 184 P. 113; Homer v. Lester, 95 Okla. 284, 219 P. 392.

It follows that members of the Five Civilized Tribes may dispose of their restricted lands by will unhampered by that part of the statute hereinbefore set out.

The judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys Geo. M. Nicholson, S. W. Hayes, and W. H. Brown in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Nicholson and approved by Mr. Hayes and Mr. Brown, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, PHELPS, and CORN, JJ., concur.