## LONG v. DARKS, Adm'r, et al.

No. 27464. Sept. 13, 1938.

Rehearing Denied Feb. 14, 1939.

Application for Leave to File Second Petition for Rehearing Denied March 14, 1939.

Phillip Jackson and W. C. Hall, for plaintiff in error.

Dudley B. Buell, Warren & Warren, and Rogers & Stephenson, for defendants in error.

GIBSON, J. This cause originated in the county court of Hughes county, and involves the right of the wife of a full-blood Creek Indian to renounce her husband's will and elect to take her share of his property under the statutes of succession. The wife will be referred to herein as plaintiff, and the personal representatives and other heirs, devisees, and legatees of the deceased, who were made parties on appeal, will be referred to as defendants.

The county court denied the plaintiff's petition to take under the statutes, and on appeal to district court the order was affirmed, and this appeal followed.

As supporting her right to elect, plaintiff

relies on the provisions of section 1539, O. S. 1931, 84 Okla. Stat. Ann. sec. 44, which section reads as follows:

"Every estate in property may be disposed of by will; provided, however, that a will shall be subservient to any antenuptial marriage contract in writing; but no spouse shall bequeath away from the other so much of the estate of the testator that the other spouse would receive less in value than would be obtained through succession by law; provided, further, that no person shall by will dispose of property which could not be by the testator alienated, encumbered or conveyed while living, except that the homestead may be devised by one spouse to the other."

Defendants say that by reason of the Act of Congress of April 26, 1906, sec. 23, 34 Stat. 145, plaintiff is limited in her inheritance by the terms of the will and may not invoke the provisions of said section 1539. Section 23 of the act reads as follows:

"Every person of lawful age and sound mind may by last will and testament devise and bequeath all of his estate, real and personal, and all interest therein: Provided, That no will of a full-blood Indian devising real estate shall be valid, if such last will and testament disinherits the parent, wife, spouse, or children of such full-blood Indian, unless acknowledged before and approved by a judge of the United States Court for the Indian Territory, or a Untied States Commissioner."

The will was duly acknowledged before and approved by a United States Commissioner.

Section 23 was amended by the Act of May 27, 1908, only to the extent that in addition to the officers therein named, judges of county courts of the state of Oklahoma were also given authority to take the testator's acknowledgment, and to approve the will. The amendment has no bearing upon the questions here involved.

It is asserted by defendants that said section 23 is in conflict with and must prevail over that portion of the state statute, section 1539, above, which forbids one spouse from bequeathing away from the other more of his or her estate than would go to the survivor in case of intestacy. Tiger v. Timmons, 147 Okla. 141, 295 P. 614; Cornelius v. Frank, 173 Okla. 425, 48 P.2d 1064. The argument is, in effect, so far as restricted lands are concerned, that section 23 constitutes a direct authorization from Congress to full-blood Indian citizens of the Five Civilized Tribes to disinherit the spouse and certain other kindred by the use of a will duly executed as therein provided. The decision in Tiger v. Timmons, above, fully supports this argument See, also, Brock v. Keifer, 59 Okla. 5, 157 P. 88.

If the foregoing enactments are in conflict as contended, section 23 must control. Sperry Oil & Gas Co. v. Chisholm, 264 U. S. 488, 68 L. Ed. 803, 44 S. Ct. 372.

The plaintiff, on the other hand, insists that the decision in Tiger v. Timmons, above, is clearly out of harmony with our decision in Blundell v. Wallace, 96 Okla. 26, 220 P. 40, and contrary to the rule as announced in that case by the Supreme Court of the United States on appeal, 267 U. S. 373, 69 L. Ed. 664, 45 S. Ct. 247; and by analogy is contrary to the decisions of this court in Spaniard v. Tantom, 131 Okla. 75, 267 P. 623, and Alexander v. Samuels, 177 Okla. 323, 58 P.2d 878.

We must agree that the rule as expressed in the Tiger Case is not in strict harmony with the pronouncement as broadly stated by both this court and the Supreme Court of the United States in the Blundell Case. The effect of the decision of both courts in the latter case is clearly revealed by the following language in the opinion of the United States court:

"The effect of section 23 was to remove a restriction theretofore existing upon the testamentary power of the Indians, leaving the regulatory local law free to operate as in the case of other persons and property."

But the seeming inconsistency between the decisions in the two cases here under consideration disappears after no more than a casual examination thereof. In the Blundell Case the question was whether an Indian citizen of the half blood could disinherit the spouse notwithstanding the proviso to the contrary in section 8341, R. L. 1910, now section 1539, above, as amended. The contention was that section 23 conferred direct authority upon all members of the Five Civilized Tribes to devise and bequeath all their property, real and personal, free from the operation of local laws. As we have said, the decision was to the contrary. It will be observed, however, that only the first portion of section 23 was there under consideration. The proviso concerning wills of full-blood Indians was not involved in the case. All Indians, except full-bloods, were unconditionally released from any federal restrictions upon alienation by will. This court and the federal court have held in the Blundell Case that as to all citizens of the Five Civilized Tribes of less than full-blood Congress did not intend to confer upon them an absolute right

to dispose of their property by will without regard to the state laws. But we have said in the Tiger Case that the proviso was a direct congressional grant of authority to full-bloods to devise their lands by properly executed and approved will free from the operation of the state statute prohibiting a spouse from bequeathing more than a certain amount in value of his estate away from the other.

The result is, a mixed-blood may devise his lands subject to the state statutes, and a full-blood may devise his lands free from such statutes in event his will is properly executed and approved as provided in section 23 of the act. Such is the effect of the decisions as they now stand

It will be observed that the proviso in section 23 relating to full-bloods applies only to the devise of real estate. Personal property is not affected thereby; and as to lands, the proviso could apply to none except that which is restricted by the federal acts. Where federal restrictions on alienation no longer exist, and Congress has reserved no powers relating thereto, the disposition and devolution of lands belonging to individual citizens of the Five Civilized Tribes are controlled entirely by the laws of Oklahoma.

So, as to the estate of the testator in the instant case, the holding in Tiger v. Timmons, above, can apply to no portion thereof except his lands yet remaining subject to restrictions placed thereon by the Acts of Congress. We are not informed as to the extent thereof, nor as to the value of the personal estate and unrestricted lands.

If we are to allow the decision in Tiger v. Timmons, above, to stand, and are not to accede to plaintiff's demands that it be overruled, we must affirm that portion of the judgment that would seem in effect to hold that the devise of the testator's restricted lands was controlled by the will and unaffected by the aforesaid provision in section 1539. But, unless plaintiff has waived her right to renounce the will and to invoke the provisions of said section, as to all other lands and all personal estate, it would be necessary to reverse the judgment and remand the cause with directions to ascertain the value thereof, and if plaintiff has been denied that portion in value which she would have inherited under the laws of succession, the will should be declared inoperative as to that portion of the estate and the same be distributed accordingly. In making such distribution of the personal estate and the unrestricted lands,

the manner of the testamentary disposition of the restricted land or the future income therefrom is entitled to no consideration. That devise occupies a position wholly independent of the state statute.

Although the holding in the Tiger Case is seemingly contrary to the rule stated by this court and the United States Supreme Court in the Blundell Case, we feel that no sufficient reason exists for striking down either. As we have already said, the question in the Tiger Case was not before the courts in the Blundell Case. There is actually no conflict in the decisions.

In the case of Cornelius v. Frank, supra, cited by defendants, there is nothing to aid the court in arriving at a decision in this case. There it was held that the proviso in section 1539, above, to the effect that one incompetent to convey may not dispose of property by will, did not apply to the disability of the Indian created by federal restrictions. Congress had full power to permit Indians to devise their restricted estates.

Plaintiff says that in Spaniard v. Tantom, supra, this court recognized and with vital effect applied the rule stated in the Blundell Case.

The statement is correct to a certain extent. In the Spaniard Case the court by analogy did apply the rule in the Blundell Case to the situation of a pretermitted grandchild of a full-blood Cherokee. By section 1570, O. S. 1931, 84 Okla. Stat. Ann. sec. 132, children and grandchildren are protected against disinheritance, as therein provided, unless the will discloses an intention to disinherit. In the Spaniard Case, referring to Blundell v. Wallace, and certain other cases, this court, though considering the will of a full-blood Indian, said:

"It is true that, in the cited cases, the section of the statute above quoted (now section 1570) was not involved, but it was therein held that the state statute, prohibiting either spouse from willing away from the other more than two-thirds of his or her property, applied to a Choctaw citizen of the half-blood, and that such statute was not in conflict with the act of Congress above quoted. The reason for so holding applies with equal force to the statute herein involved."

We there held that a grandchild, the issue of a deceased child, unless the will showed an intent to disinherit, may inherit as provided by section 1570, and that such section is not in conflict with section 23 of the Act of Congress aforesaid.

The effect of the holding in Spaniard v. Tantom, above, was that, notwithstanding the act of Congress permitted a full-blood Indian to disinherit certain heirs, the disinheritance, to be effective, must appear upon the face of the will. That holding in no way conflicts with the permissive provisions of the proviso in section 23 as interpreted by the court in Tiger v. Timmons, supra. The rule announced in the Blundell Case was needlessly applied. Congress did not intend to prohibit judicial interpretation of the wills of full-bloods to determine the intent of the testator; it was not the legislative purpose to make the provisions of a duly acknowledged and approved will final and binding on all interested parties and free from judicial ascertainment of the actual will and intent of the testator. Although the right to devise property by will is governed wholly by statute, the act of Congress does not purport to regulate the manner in which the will shall be interpreted. As to that, the state law must govern.

Alexander v. Samuels, supra, cited by plaintiff, was a case where a full-blood Indian failed to provide in his will for a child adopted subsequent to the execution of the will. The adopted child was there treated as an after-born child, protected by section 1569, O. S. 1931, 84 Okla. Stat. Ann. sec. 131, or as one unintentionally omitted, section 1570, O. S 1931, 84 Okla. Stat. Ann. sec. 132. We distinguish that case from the Blundell Case by the same statements as above employed with reference to Spaniard v. Tantom.

Here the plaintiff was provided for in the will. As to the restricted land, she was limited to the bequests therein made. She had no alternative. But, as to the remainder of the estate, she had the privilege of electing whether to abide by the will or claim her share as a spouse under the statutes of succession.

The question now arises whether plaintiff actually made an election to take under the will, and, if an election, whether the same constituted a waiver of her right to renounce the will and sufficient to estop her from later electing to take under the statutes. The judgment of the trial court, based upon general findings, answers that question in the affirmative. We will not interfere therewith unless the same is against the clear weight of the evidence.

Plaintiff says the acts attributed to her were not sufficient to constitute a waiver of her right to elect to take as a forced heir under the statutes, and to estop her from making formal election to take as such heir.

Election in such case may be inferred from the acts of the surviving spouse, but, in order to bind the party and to preclude a later election to take under the statutes, his acts must be such as will estop him from asserting the latter right. Fox v. Fox, 117 Okla. 46, 245 P. 641; Appeal of Sims' Estate, 162 Okla. 35, 18 P.2d 1077. The rule as to what constitutes a binding election in such case is stated in Fox. v. Fox, above, as follows:

"No general rule can be formulated defining what acts of acceptance or acquiescence will constitute an 'election' between a devise in a will and a right inconsistent with the will, but there must be an intention to make an 'election,' or some decisive act, that will prevent restoring the parties affected to the same situation as if such acts had not been performed."

In Appeal of Sims' Estate, supra, we held as follows:

"An election by a widow to take under the provisions of the will will not be enforced where it appears that it was not the result of intelligent and discriminating choice with full knowledge of the facts and where no interested person has changed his position in reliance upon the election to such an extent as to make it inequitable to permit the withdrawal thereof."

The foregoing decisions are authority for the proposition that, although an election is made to take under the will, it may be revoked unless some interested party will suffer by such revocation.

It should here be noted that the necessity of an election to take under the will or the statute depends upon the intention of the testator as gathered from the provisions of the will. Bank of Commerce & Trust Co. v. Trigg, 138 Okla. 216, 280 P. 563; Kinnett v. Goodno. 170 Okla. 620, 41 P.2d 824. No contention is here made that plaintiff was not put to an election; it is not contended that the bequest made to her was intended as a bounty in addition to her share due under the statutes.

There is ample evidence that plaintiff ratified the will and elected to take under its provisions. She joined in the petition seeking probate thereof. and filed an amendment to that petition. She joined in a petition for citation requiring the executor to file final report and to make distribution according to the will, and at different times participated in partial distributions Thereafter she filed the present pe-

tition purporting to elect to take under the statutes of descent and distribution.

Whether she may now rescind her former election depends upon whether her acts of acquiescence have altered the position of the other interested parties to such an extent as to make it inequitable for her to withdraw therefrom. Appeal of Sims' Estate, supra. In other words, is she now estopped to assert her claim under the statutes? If the estate and the interests of the parties with reference thereto cannot now be placed in the same condition and position as they were prior to plaintiff's acts of election to take under the will, she is estopped to change her position theretofore assumed.

She and each of the other heirs have accepted portions of the estate pursuant to the orders of the court. No doubt those portions are now beyond recall of the court. Plaintiff accepted certain land and has executed an oil and gas mining lease thereon. It appears that all the parties, relying upon the validity of the bequests and upon plaintiff's acquiescence therein, have accepted and probably disposed of certain property received. The trial court by its judgment has said that the interests of the parties have been so altered as a result of plaintiff's former election that to permit a rescission thereof at so late a date would be inequitable. We are unable to say that the judgment in this regard is against the clear weight of the evidence. Neither can we say, in the light of the evidence, that the election to take under the will "was not the result of intelligent and discriminating choice with full knowledge of the facts" on the part of the plaintiff. Appeal of Sims' Estate, supra.

The judgment of the trial court is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, CORN, HURST, and DAVISON, JJ., concur. RILEY, J., absent.