PARNACHER et al. v. HAWKINS et al.

No. 33558.    March 21, 1950.

Rehearing Denied May 31, 1950.

Opinion Modified and Second Petition for Rehearing Denied July 18, 1950.

*222 P. 2d 362.*

Turner M. King and Carloss Wadlington, both of Ada, for plaintiffs in error.

Thompson & Braly and Kerr, Lambert, Conn & Roberts, all of Ada, for defendants in error.

LUTTRELL, J.    This action was brought by the plaintiffs, Nonles Parnacher, and others, against Sallie Hawkins, now Lyda, and others, seeking in the first cause of action to recover possession of certain real estate in Pontotoc county, in the second cause of action to quiet title in said land

against the defendants, and in the third and fourth causes of action to recover damages for the wrongful detention and occupation of the property by the defendants, and damages occasioned by the sale of a dwelling house thereon. The trial court sustained the demurrers of the various defendants to the petition of plaintiffs, and upon the election of plaintiffs to stand on their petition dismissed the action. Thereafter plaintiffs filed a motion to vacate the order dismissing the action and for leave to amend the petition, which motion was by the trial court overruled, and plaintiffs appeal from both the orders or judgments of the trial court.

The decisive question presented for determination is whether Reubin McGee, under whom the plaintiffs claim an interest in the property involved, was in effect disinherited by the will of his wife Lizzie Parnacher, now McGee.

The petition alleges that at the time of her death on December 12, 1936, Reubin McGee was the husband and sole heir of Lizzie Parnacher, now McGee, as she was denominated in the will, who died leaving surviving her no children, nor children of a deceased child, nor brothers or sisters, nor father or mother; that Lizzie Parnacher, now McGee, was a full-blood citizen of the Chickasaw Tribe or Nation of Indians, and that on December 3, 1936, she made a will by which she devised to Sallie Hawkins the real estate involved in this action, and all the rest and residue of her property of every kind and description. The will did not mention her husband Reubin McGee, or make any provision whatever for him. Reubin McGee survived the death of his wife, and died testate on April 25, 1942. The will of the testatrix was duly attested, and was on the same day, December 3, 1936, acknowledged before and approved by W. C. Edwards, United States Commissioner for the Eastern District of Oklahoma. The approval by the United States Commissioner, as it appears on the will reads as follows:

"State of Oklahoma, Pontotoc County, SS.

"Whereas on this the 3rd day of December, 1936, Lizzie Parnacher, now McGee, the testator, appeared before me and requested that the above and foregoing instrument be approved by me as her last will and testament and after examining the said Lizzie Parnacher, now McGee, and being fully convinced that she was not acting under influence or persuasion, and that she is in possession of her mind and all her faculties, I do hereby approve the above and foregoing instrument as the last will and testament of Lizzie Parnacher, now McGee.

"Witness my hand on this 3rd day of December, 1936.

"W. C. Edwards, United States Commissioner for the Eastern District of the State of Oklahoma. (SEAL)"

The petition of plaintiffs in the instant case, as amended, does not allege that Lizzie Parnacher, now McGee, was at the time of her death mentally or physically infirm, or that she was acting under undue influence or duress, or that any fraud was involved in connection with the execution of the will.

The sole contention made in this court is that, because of the fact that Reubin McGee was not mentioned in the will, it does not sufficiently disclose on its face that the testatrix intended to disinherit him. Plaintiffs admit that the proviso in section 23 of the Act of Congress of April 26, 1906, as amended by the Act of May 27, 1908, providing that "no will of a full-blood Indian devising real estate shall be valid if such last will and testament disinherits the parent, wife, spouse, or children of such full-blood Indian, unless acknowledged before and approved by a Judge of the United States Court", or other officer named therein, permits a full-blood citizen of the Five Civilized Tribes to disinherit her spouse regardless of the provisions of 84 O.S. 1941 §44, which prohibits the disinheritance of the

spouse by a citizen of this state. But they say that under the decisions of this court the fact of such disinheritance must appear from the will itself, and that it does not so appear from the will unless the spouse is named or referred to in the will. We are unable to agree with this contention.

Plaintiffs cite and rely upon Long v. Darks, 184 Okla. 449, 87 P. 2d 972; Blundell v. Wallace, 96 Okla. 26, 220 P. 40, and the decision in that cause by the United States Supreme Court on appeal, Blundell v. Wallace, 267 U.S. 373, 69 L. Ed. 664, 45 S. Ct. 247; Williford v. Davis, 106 Okla. 208, 232 P. 828, and the decision in that cause on appeal by the Supreme Court of the United States, Davis v. Williford, 271 U.S. 484, 70 L. Ed. 1048, 46 S. Ct. 547. We have carefully examined the cases cited, and other cases involving the validity of full-blood Indian wills approved by one of the officers designated in section 23 of the Act of April 26, 1906, above referred to, and in our opinion the cases do not support the contention made by plaintiffs.

In Tiger v. Timmons, 147 Okla. 141, 295 P. 614, we held that the provisions of section 23 of the Act of April 26, 1906, above quoted, was in conflict with the provisions of 84 O. S. 1941 §44, and that in such conflict the provisions of section 23 of the Act of Congress prevailed over the prohibition contained in section 44.

In Long v. Darks, supra, we distinguished the decision in Tiger v. Timmons from the decisions of this court and the Supreme Court of the United States in Blundell v. Wallace, supra, pointing out that in Blundell v. Wallace the will of a full-blood Indian was not involved, and therefore the above-quoted portion of section 23 of the Act of Congress had no application and was not considered. We further pointed out that in Spaniard v. Tantom, 131 Okla. 75, 267 P. 623, and in Alexander v. Samuels, 177 Okla. 323, 58 P. 2d 878, 105 A.L.R. 1171, the decisions by this

court affected children who were not provided for in the will, and therefore did not involve section 44, but involved rather 84 O. S. 1941 §§131 and 132.

In Spaniard v. Tantom, supra, we considered 84 O. S. 1941 §132, which provides that where the testator omits to provide in his will for any of his children or the issue of any deceased child, unless it appears that such omission was intentional, the child is entitled to the same share of the estate as if the testator had died intestate. In that case we followed the rule announced in California, and held that the intention to omit such child or grandchild must appear from the face of the will.

In Long v. Darks, supra, the spouse was provided for in the will. We there said that Congress did not intend to prohibit judicial determination of the wills of full-bloods to determine the intent of the testator, and that as to the interpretation of such wills the state law must govern. The statement in that opinion that the effect of the holding in Spaniard v. Tantom was that, notwithstanding the Act of Congress permitted a full-blood Indian to disinherit certain heirs, the disinheritance must appear upon the face of the will, could only refer to the class of heirs whose rights were governed by section 132, as the disinheritance of that class only was involved in Spaniard v. Tantom.

It is to be noted that under the provisions of section 132, supra, the Legislature did not absolutely prohibit the making of a will disinheriting a child or grandchild, but merely provided that the disinheriting of such child or grandchild must be shown to be intentional. However, in section 44 the prohibition against willing away from the spouse so much of the estate that the spouse would receive less in value than he or she would otherwise obtain under the law of succession is absolute, and in no wise depends upon the intention of the testator. Such disinheritance, whether intentional or unintentional, is posi-

tively forbidden by section 44, and under the provisions of that section the surviving spouse is a forced heir of the estate to the extent that he or she would take under the law of succession. Dixon v. Dixon, 191 Okla. 139, 126 P. 2d 1020; Sims v. Billings, 162 Okla. 51, 18 P. 2d 1084. Under the provisions of that section the intentions of the testator were immaterial.

In cases arising under section 44, where a will made by a full-blood Indian is duly acknowledged and approved by a proper officer, under the Act of Congress above referred to, the validity of the will must be interpreted according to the rules of interpretation announced in 84 O.S. 1941 §151 et seq., and held valid unless the invalidity thereof appears upon the face of the will itself, or, in the event of uncertainty in the terms of the will, it is shown by the surrounding facts and circumstances that the will does not truly reflect the intention of the testator as provided by 84 O.S. 1941 §152. Cunningham v. Fidelity Nat. Bank, 186 Okla. 429, 98 P. 2d 57; Malone v. Herndon, 197 Okla. 26, 168 P. 2d 272.

Careful examination of the will involved in the instant case discloses no uncertainty arising upon the face of the will, but the language therein contained is plain, clear and unequivocal. In one paragraph of the will the testatrix bequeathed all her real property to Sallie Hawkins, and in the succeeding paragraph devised all of her other property of every kind and description to Sallie Hawkins. So far as the record shows testatrix and her husband were living together at the time the will was made, and at the time testatrix died. While in her will she does not mention him, and makes no provision for him, it is inconceivable that she would have overlooked him, or inadvertently omitted to make provision for him if it was her intention to provide for him in the will. From the petition it appears that he was also a full-blood Chickasaw Indian, and presumably had his own allotment, so that testatrix may have felt that it was unnecessary to make provision for him in her will. But whatever reason or motive actuated her, the will made by her clearly and plainly discloses an intention not to devise him an interest in her land or property, and in no wise indicates that he was inadvertently or unintentionally omitted. To apply the rule contended for by plaintiffs would defeat the expressed intent of the testatrix.

Plaintiffs urge that the failure to mention the husband in the will may have misled the United States Commissioner who approved the will into believing that the husband of testatrix was not disinherited when he approved the will, and that if it had appeared from the face of the will that testatrix had a then living husband the commissioner would have refused to approve a will making no provision for him.

In Anglin v. Patterson, 121 Okla. 106, 248 P. 633, we said that it was the intention of Congress that the officers vested with power to approve such wills should be informed of the facts and circumstances surrounding the execution of the will, so that they might approve or refuse to approve the same if, in their judgment, the facts justified approval or disapproval.

The Supreme Court of the United States, in Davis v. Williford, supra, referring to section 23 of the Act of April 26, 1906, stated that the provision for approval of a full-blood Indian will was made in order to prevent a full-blood Indian from being overreached and imposed upon, or induced by trickery or otherwise to deprive his heirs of their inheritance, and that for these reasons testator was required to appear before the approving officer and acknowledge the due execution of the will, and to permit the approving officer, after examination of the testator, to determine whether or not the will should be approved.

In the instant case the certificate of approval above set forth states that the Commissioner had examined the testa-

trix, and was fully convinced that she was not acting under influence or persuasion, and that she was in full possession of all her faculties. We cannot assume that in the course of his examination of testatrix, the testatrix failed to mention the fact that she had a living husband who was her sole heir. It is reasonable to assume that the Commissioner, before approving the will, which devised all her property to a person who is not shown to have been related to the testatrix, would have made inquiry of testatrix as to her lawful heirs and the natural objects of her bounty. The fact that she appeared before the Commissioner and requested him to approve the will put the Commissioner on notice that she was disinheriting a lawful heir or heirs, since otherwise his approval would have been unnecessary.

Affirmed.

DAVISON, C. J., ARNOLD, V. C. J., and CORN, HALLEY, JOHNSON, and O'NEAL, JJ., concur.