## SMITH et al. v. CUFF et al.

No. 18980. Opinion Filed March 26, 1929.

M. A. Dennis and Charles B. Steele, for plaintiffs in error.

Farrar & Millner, for defendants in error.

HERR, C. This is an action brought in the superior court of Okmulgee county by Marvalean Cuff, in her own right and as guardian of Alberta and Yola Cuff, minors, against Cornelius Smith and others, as defendants, to recover 22 acres of land lying in the northeast quarter of the northeast quarter of township 13 north of range 13 east, Okmulgee county.

The premises involved constituted a portion of the allotment of James Cuff, a minor Creek freedman, and were sold through the county court of Okmulgee county to Lovenia Smith. Guardian's deed was executed and delivered to her by J. R. Roper, guardian, June 11, 1915. Shortly after the execution of the said deed, Lovenia Smith died. Defendant Cornelius Smith is her surviving husband, and defendant Nancy Brady is now his wife. Smith claims title partly through inheritance from his former wife and partly by purchase by and through her remaining

heirs. Defendant Richardson & Company, copartnership, claim under a mortgage executed by Cornelius Smith and his second wife.

The regularity of the guardianship sale proceeding is not challenged. It appears, however, that, at the time of the sale, James Cuff, the allottee of the land was married, and he and his wife at said time were living upon and occupying this allotment as their home. It is contended by plaintiffs that the premises sold constituted a portion of the homestead of the family under the state constitution and statutes, and that the sale is void for the reason that the wife of James Cuff did not join in the deed conveying the premises.

James Cuff died on October 1, 1920, and this action is brought by his surviving wife and children to recover the land. The trial court rendered judgment in their favor. Defendants appeal.

It is contended by defendants that the evidence is insufficient to establish that the land in controversy constituted a portion of the homestead of James Cuff under the state law. The trial court, however, found against the defendants on this issue, and we are of the opinion that the evidence sustains this finding, and if the state law on conveyance of homesteads is controlling, the sale is void. If not, the sale is valid and the judgment must be reversed.

In our opinion, the provisions of the state Constitution and law relative to homesteads have no application to the sale in question. The authority to sell allotted lands of minor Indian citizens must be tested by the acts of Congress and by these acts alone. Jefferson v. Winkler, 26 Okla. 653, 110 Pac. 755; Tirey v. Darneal, 37 Okla. 606, 133 Pac. 614; Collins Inv. Co. v. Beard, 46 Okla. 310, 148 Pac. 846; Bell v. Fitzpatrick, 53 Okla. 574, 157 Pac. 334; McKeever v. Carter, 53 Okla. 360, 157 Pac. 56; Allison v. Crummey, 64 Okla. 20, 166 Pac. 691; Priddy v. Thomas, 204 Fed. 95, 123 C. C. A. 277; Truskett v. Closser, 236 U. S. 223, 59 L. Ed. 549; Tiger v. Western Inv. Co., 221 U. S. 286; Heckman v. U. S. 224 U. S. 413. See, also, the case of Blanset v. Carden, 256 U. S. 319, 324, 326. There an Act of Congress gave Indians the right to dispose of their restricted allotments by will, in accordance with the regulations prescribed by the Secretary of the Interior and subject to his approval, and it was held:

"That a will made by an Indian woman, which was approved by the Secretary of the Interior, devising her restricted lands to others than her husband, was not invalidated by a provision of the Oklahoma Code that no married woman should bequeath more than two-thirds of her property away from her husband. The court said: 'The Secretary of the Interior made regulations which were proper to the exercise of the power conferred upon him. * * * and it would seem that no comment is necessary to show that' the provision of the Oklahoma Code 'is excluded from pertinence or operation. * * * In a word, the act of Congress is complete in its control and administration of the allotment and of all that is connected with or made necessary by it, and is antagonistic to any right or interest in, the husband of an Indian woman in her allotment under the Oklahoma Code. * * * Our conclusion is * * * "that it was the intention of Congress that this class of Indians should have the right to dispose of property by will under this act of Congress, free from restrictions on, the part of the state as to the portions to be conveyed or as to the objects of the testator's bounty, provided such wills are in accordance with the regulations and meet the approval of the Secretary of the Interior." ' "

We can conceive of no good reason why the rule announced in the above case should not be applied to the case at bar.

In the case of Sperry Oil & Gas Co. v. Pearl Chisholm et al., 264 U. S. 488, it is said:

"The authority given by the Act of Congress of May 27, 1908, to a Cherokee Indian of the half-blood to make an oil and gas lease upon his restricted 'homestead' allotment, with the approval of the Secretary of the Interior, cannot be limited or contravened by the provision of the Oklahoma law attaching to the execution of a lease upon the family homestead the condition that it must be also executed by his wife."

But it is argued that the restrictions upon alienation of the land in question were removed by the Act of Congress of May 27, 1908, and that the rule above announced does not, therefore, apply, and it is pointed out that in the above case, the court also announced the following rule:

"The 'surplus' allotment of a half-blood Cherokee, upon being freed from all federal restrictions by the Act of May 27, 1908, supra, became subject to the laws of Oklahoma like property of other citizens, including the law * * * restricting the disposition of family homesteads."

It is true that restrictions upon alienation of the land in question were removed by the act above mentioned to the extent that the same might be sold as provided by the act, but there still remains the restriction that

the sale could only be made through the probate courts of the state as therein provided. There still remains, in a sense, the restriction of minority.

In the case of McKeever v. Carter, supra, it is said:

"All restrictions against the alienation of the allotted lands of a minor Creek freedman, except that of minority, were removed by Act Cong. May 27, 1908, c. 199, 35 Stat. 312."

Tirey v. Darneal, 37 Okla. 606, 153 Pac. 614, holds:

"Section 6 of the Act of Congress of May 27, 1908, * * * providing that the persons and property of minor allottees of the Five Civilized Tribes shall, except as otherwise specifically provided by law, be subject to the control and jurisdiction of the probate (county) courts of the state of Oklahoma, is in the nature of a restriction, by Congress, on the alienation of land belonging to minor allottees, and as such can only be removed by a regular proceeding as provided by statute, through the instrumentality of the county court, and a deed executed by the minor, even though married, without any attempt to comply with such law, is void."

It has been repeatedly held by this and the federal courts that, notwithstanding the removal of restrictions, the state could not authorize the sale of the land of minor Indian citizens in any manner other than as provided by the acts of Congress. This being true, neither can the state, by statute, impose restrictions on such sales in contravention of such acts.

The sale in the instant case was properly had through the county court of Okmulgee county, as provided by the Act of Congress of May 27, 1908, and the purchaser thereat took a good title, notwithstanding the state statute and Constitution relative to homesteads, as the right to sell, the restriction as to minority still obtaining, could not be burdened with restrictions imposed by the homestead laws of the state.

Judgment should be reversed, and the cause remanded, wth instructions to enter judgment in favor of the defendants.

BENNETT, LEACH, DIFFENDAFFER, and TEEHEE, Commissioners, concur.

By the Court: It is so ordered.