## CARLILE v. HARMON, Ex'x.

No. 26876.    Dec. 8, 1936.

Rehearing Denied March 9, 1937.

Fullerton and Fullerton, for plaintiff in error.

Stephens and Cline and A. J. Burton, for defendant in error.

PER CURIAM. Plaintiff in error, Imogene E. Carlile, as plaintiff, instituted an action in equity in the district court of Co-

manche county, Okla., against Mrs. John L. Harmon, as executrix of the last will and testament of Henry N. Pope, deceased, as defendant, seeking to recover certain real property of which Henry N. Pope died seized. It appears in the record that the plaintiff is a niece of Henry N. Pope, deceased, and that in 1908, when then about twelve years of age, she came to Lawton, Okla., to live with her aunt and uncle, John L. Harmon, upon his promise to her family that she would be treated as a member of her uncle's family and upon his death she should have his property. The plaintiff continued to live with her uncle until she had finished high school. She then returned to her parents and later returned to make her home with her aunt and uncle, spending part of her time, however, with her parents, who then lived at Manitou, Okla. She prepared herself for stenographic work, and in 1917 was employed at Ft. Sill and later transferred to Washington, D. C., and was later transferred back to Ft. Sill, and then to San Antonio, Tex.

Plaintiff was married in August, 1923, with the consent and approval of her uncle, and established a home of her own. After the marriage of the plaintiff, her aunt, the wife of Henry N. Pope, died, and subsequent thereto Henry N. Pope, deceased, wrote to the plaintiff and prevailed upon her to come and live with him and care for him, and again repeated the offer that she was to have his property at the time of his death. The plaintiff and her husband were then engaged in business and living in Idaho. They sold their business, came to Lawton, and made their home with her uncle, whom the plaintiff continued to care for, the plaintiff fulfilling her part of the agreement.

The evidence further shows that on the 26th day of May, 1931, Henry N. Pope made a will, in which he gave and bequeathed to the plaintiff, Imogene E. Carlile, $2000 in cash, and, among other things, directed that all his remaining property, both real and personal, including his life insurance, be divided equally between his legal heirs, and appointing his sister, Mrs. John L. Harmon, the defendant herein, executrix; that thereafter, and on the 5th day of November, 1933, said Henry N. Pope died. The will was thereafter duly admitted to probate in the county court of Comanche county, Okla., and the defendant, Mrs. John L. Harmon, was duly appointed and qualified as executrix. The plaintiff knew the contents of said will, but after the appointment of said executrix plaintiff received from said executrix, by and with the approval and consent of the county court, a check for the sum of $2,000, and cashed the same, and thereby received payment of the bequest provided for her under the terms of the will. At the same time she also received a piano and certain other furniture from the home of said deceased as her property. At the time of receiving the $2,000 bequest and the furniture, no objections were made on her part, and no claim was made against the estate, or upon the real estate and other property of her deceased uncle. On May 15, 1934, she filed an equitable action in the district court asking that she be decreed to be the owner of and entitled to the immediate possession of all of the real estate of which the decedent died seized, and of the net personal estate of said decedent.

At the conclusion of all of the testimony and the evidence, the court rendered judgment in favor of the defendant. Included in said judgment are special findings of fact and conclusions of law requested by the defendant. The plaintiff urges for a reversal of said judgment one assignment of error, to wit: The court erred in applying the law to the facts.

We have read the record and conclude that the finding of the trial court is amply supported by the evidence and not contrary to the law applicable thereto.

Plaintiff accepted benefit and the provisions in the will without objection thereto. The doctrine of election as applied to the law of wills is clearly stated in Underhill on the Law of Wills, as follows:

"The doctrine of election as applied to the law of wills simply means that he who takes under a will must conform to all its provisions. He cannot accept a benefit given by the testamentary instrument and evade its burdens. He must either conform to the will or wholly reject and repudiate it. No person is under any legal obligation to accept the bounty of the testator; but, if he accepts what the testator confers upon him by his will, he must adhere to that will throughout all its dispositions. If he shall take a beneficial interest in the estate under the will, equity will hold him to his choice, and it will be conclusively presumed that he intends thereby to ratify and conform to every part of it. This presumption of a ratification of the will on his part is applicable though the testator has attempted to give away property belonging to him. He cannot accept the instrument so far as it benefits him and reject it so far as it gives away his property, for it is against equity and good conscience that a person should hold property given or devised by virtue of the will which he should not do without it, and at the same time defeat some of its pro-

visions by asserting his paramount claim to that which, by the will, was intended to benefit others. He must therefore either wholly repudiate it and adhere to his paramount claim."

The Supreme Court of the state of Oklahoma, in the case of Garrett & Co. v. Collins, 103 Okla. 153, 229 P. 569, held:

"The rule of law is that a party taking a benefit of a provision in his favor under a will, is estopped from attacking the validity of the instrument. It is a maxim in a court of equity, and is equally appropriate to the jurisdiction and practice of courts of law, not to permit the same person to hold under and against a will."

The United States Circuit Court of Appeals, of the 10th Circuit, in the case of Crawford v. Bryant, 53 Fed. (2d) 754, announces the same conclusion after exhaustive citation of authority:

"One may not receive and retain a beneficial interest under a will and then set up any right or claim of his own, even if otherwise legal and well grounded, which will defeat or in any way prevent the full effect and operation of every other part of the will. Hyde v. Baldwin, 17 Pick. (Mass.) 303, 308; Van Duyne v. Van Duyne, 14 N. J. Eq. 49, 52; Smith v. Smith, 14 Gray (Mass.), 532; Drake v. Wild, 70 Vt. 52, 39 A. 248; Fry v. Morrison, 159 Ill. 244, 42 N. E. 774; Noyes v. Noyes, 233 Mass. 55, 123 N. E. 395, 396; Hobbs v. Henley (Mo. Sup.) 186 S. W. 981; Smith v. Guild, 34 Me. 443; Utermehle v. Norment, 197 U. S. 40, 57-59, 25 S. Ct. 291, 49 L. Ed. 655, 3 Ann. Cas. 520.

"It is a settled principle of equity that there is an implied condition, where none is expressed in the will, that one who accepts a benefit thereunder shall adopt the whole, conforming to all of its provisions and renouncing every right inconsistent with it. Ditch v. Sennott, 117 Ill. 362, 7 N. E. 636-638; Shutt's Adm'r v. Shutt's Adm'r, 192 Ky. 98, 232 S. W. 405, 411; Waggoner v. Waggoner, 111 Va. 325, 68 S. E. 990, 30 L. R. A. (N. S.) 644; Penn v. Gugenheimer, 76 Va. 839; In re Moore's Estate, 62 Cal. App. 265, 216 P. 981, 983; Lytle v. Wade, 129 Kan. 671, 284 P. 411, 414; 40 Cyc. 1895."

The record discloses that the plaintiff accepted her $2,000 bequest without objection, and received a piano and certain other furniture in the home of the deceased, which she claimed as her own. The settlement was made by and with the consent and approval of the county judge, and the bequest paid before the estate had been closed. The check bears the indorsement to the devisee and the O. K. of John Manning, county judge, and is signed by Mrs. John L. Harmon as executrix.

"Voluntary settlement of differences between parties in respect to their rights, where all parties have the same knowledge concerning the circumstances involving their rights, and there is no fraud, misrepresentation, concealment or other misleading incidents, must stand and be enforced, although the settlement made by the parties in their agreement might not be what the court would have decreed to be, had the controversy been brought before it for decision." Freeman v. Sullivan, 96 Okla. 220, 221 P. 460; Tracy v. Norvell, 81 Okla. 94, 196 P. 929; Young v. Stephenson, 82 Okla. 239, 200 P. 225; Roxana Pet. Co. v. Goldrick, 113 Okla. 298, 242 P. 228.

The Supreme Court acknowledges the aid of Attorneys Dan Mitchell, H. G. McKeever, and Roy J. Elam in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Mitchell and approved by Mr. McKeever and Mr. Elam, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, PHELPS, CORN, and GIBSON, JJ., concur. RILEY and BUSBY, JJ., absent.