**BILLINGS et al. v. SIMS, Adm'r, et al.**

No. 27487.  April 19, 1938.

Rehearing Denied May 24, 1938.

Hadwiger & Hadwiger, for plaintiffs in error.

R. M. Chase and Mauntel & Spellman, for defendants in error.

RILEY, J.  J. H. Sims died testate November 5, 1920.  By his will he provided a legacy of $10 for Henry Sims, his father; devised to his widow, Maggie Sims, his homestead and certain realty in the city of Avard for her life, the same at her death to be devised to Chris Sims and Eliza Chambers; and he further devised to his foster son, John Billings, an 80-acre tract of land.

Maggie Sims, the common-law wife of J. H. Sims, was appointed administratrix with will annexed and she published notice to creditors November 27, 1920.

On May 28, 1921, Maggie Sims, because of ill health, resigned as administratrix, and in accordance with her request Gus Hadwiger was appointed on June 3, 1921, and acted until approval of his final accounting and discharge March 1, 1924.  No annual or final account was filed by Maggie Sims.

Maggie Sims first elected to take under the will, but on May 19, 1921, filed a "withdrawal of election by widow" wherein she withheld her election until final settlement of the estate.

On May 27, 1921, the county court made a finding that Maggie Sims had an income of $11 per month, and that the income from the estate was $50 per month.  The court then ordered payment of $40 per month to Maggie Sims during probate proceedings to begin as of December 9, 1920.

Maggie Sims was in possession of all the property of the estate until the discharge of Gus Hadwiger, administrator, during which time she collected and used the rents and profits.

On January 31, 1924, Maggie Sims filed her election to take all the property of the estate under the law excepting the portions of the will as to the bequest to Henry Sims and the devise of 80 acres to John Billings.

In the final decree entered March 1, 1924, the court approved the final account of Gus Hadwiger and decreed that Maggie Sims was the owner in fee of all the property of which J. H. Sims died seized, except the 80-acre tract devised to John Billings.

Maggie Sims continued in possession of

the property until her death in September, 1927. Shortly thereafter her will was filed, whereby she devised the property received under the final decree in the J. H. Sims estate to John Billings.

On October 1, 1927, Chris Sims and Eliza Chambers filed a motion in the county court to set aside the "final decree" of March 1, 1924, contending it was void on its face. The matter was eventually appealed to this court, and in the case of Appeal of Sims' Estate, 162 Okla. 35, 18 P.2d 1077, said "final decree" was held void on its face, and the property ordered distributed as follows:

(1) To Mag Hyatt an undivided one-third interest in the estate in fee.

(2) To approve payment of $10 made by the administratrix to Henry Sims.

(3) To John Billings the 80-acre tract.

(4) To Henry Sims the personal property of the estate.

(5) To payment of the debts and costs of administration.

(6) To Chris Sims and Eliza Chambers the remaining two-thirds of the estate.

Merritt C. Mason, executor of the estate of Maggie Sims, and John Billings, beneficiary, on March 17, 1933, filed a petition for distribution of the estate and set up a claim of $500 paid by Maggie Sims to discharge an obligation against J. H. Sims, deceased, who had become surety on a note to the Avard State Bank, a claim of $520 for funeral expenses of decedent and prayed payment of the costs of administration, including the widow's allowance from December 7, 1920, to her death, amounting to $3,240.

On March 24, 1933, Chris Sims and Eliza Chambers filed a motion to distribute the estate in accordance with the motion of Chris Sims and Eliza Chambers.

On May 16, 1933, the county court entered an order denying the petition for distribution filed by Mason and Billings and distributed the property in accordance with the motion of Chris Sims and Eliza Chambers.

Mason and Billings appealed to the district court in cause No. 7095.

On July 20, 1935, Merritt C. Mason, executor of the last will of Maggie Sims, filed the "final account of Maggie Sims, administratrix of the estate of J. H. Sims, deceased," and Gus Hadwiger, as administrator of the estate of J. H. Sims, deceased,

filed a "supplemental final account of administrator." In both the above accounts it is alleged that Maggie Sims paid $500 to the Avard State Bank and $525 funeral expenses from her private funds. It is further alleged that $3,240 is due and unpaid on the widow's allowance. Payment of all three sums is requested in the supplemental account filed by Gus Hadwiger. Chris Sims and Eliza Chambers moved to strike said accounts for the reason they attempted to impeach the final account of Gus Hadwiger, administrator. The county court sustained the motion to strike, and Mason, executor, and Hadwiger, administrator, appealed said order to the district court under cause No. 7589, with which cause No. 7095 was consolidated for trial.

A demurrer to the evidence of Mason, Billings, and Hadwiger was sustained. A motion for a new trial was filed, and from an order overruling the same and judgment pursuant thereto, this appeal is taken.

Mason, Billings, and Hadwiger will hereinafter be referred to as plaintiffs, and Milton Sims, administrator of Chris Sims, deceased, and Eliza Chambers will be referred to as defendants.

After the death of J. H. Sims, Maggie Sims was informed of a note to the Avard State Bank on which J. H. Sims was surety. A new note was executed December 1, 1920, on which Maggie Sims signed as surety in place of J. H. Sims. Later, on January 13, 1925, almost a year after the final account of Gus Hadwiger, administrator, had been filed, Maggie Sims paid $500 to said bank and secured a release of both her liability and that of the estate. Neither the Avard State Bank nor Maggie Sims filed any claim against the estate. The law is well settled that a claim for such a debt must be filed within the four-month period for filing claims, either by the creditor or an assignee of the creditor, otherwise the claim will be barred.

We now consider together the funeral claim in the amount of $525, and the widow's allowance in the amount of $3,240.

It appears from an examination of the various accounts filed in the estate of J. H. Sims, and the evidence introduced at the trial, that from the death of J. H. Sims, in 1920, to the death of Maggie Sims, in 1927, either the latter, or her representative and John Billings, her sole beneficiary, were in absolute and complete possession of all the real estate of which J. H. Sims died seized.

By these same accounts and evidence in-

troduced at the trial, plaintiffs seek to establish their right to payment of the above claims. But at no time have the plaintiffs made any effort to account for the income received from the property throughout a period of approximately six and one-half years; nor do they offer any explanation of the disposal of the funds, if any, in the Avard State Bank at the death of J. H. Sims. The plaintiffs are not in the position of a mere creditor. Merritt Mason and John Billings claim credit as executor and sole beneficiary of Maggie Sims, respectively. Hadwiger, administrator, seeks allowance of these claims, though in his testimony he admitted that Maggie Sims was in possession of the property throughout the time he was administrator and that he collected none of the rents and profits. Before an administrator or executor is entitled to credit for expenditures on behalf of an estate, he must account for the income thereof. Certainly he cannot have his claim allowed and made a lien upon the realty of the estate, and at the same time retain the rents and profits and give no account of the personal property. Under the facts of this case, those claiming under Maggie Sims should account for the rents and profits and personalty received by her before seeking allowance of the claims.

It should also be borne in mind that no claim or request for payment of any of these claims was ever made by Maggie Sims, who lived for over three years following the approval of the final account of Gus Hadwiger. Also we cannot fail to consider that no claim was made by the plaintiffs until eleven years after the approval of said account, and approximately eight years after the death of Maggie Sims.

Under the facts of this case, plaintiffs' claims were properly denied.

Judgment is affirmed.

PHELPS, CORN, GIBSON, and HURST, JJ., concur.