# TAYLOR *v.* PARKER.

ERROR TO THE SUPREME COURT OF THE STATE OF OKLAHOMA.

No. 58.   Submitted November 5, 1914.—Decided November 16, 1914.

In view of the evils sought to be prevented, and in aid of the expressed
   policy of the Indians and the United States, the prohibition on
   alienation by allottees under the Choctaw and Chickasaw agree-
   ment ratified by the act of July 1, 1902, c. 1362, 32 Stat. 641, should
   be construed as extending to devise by will.
While the act of April 28, 1904, putting in force the laws of Arkansas
   in the Indian Territory, enabled an Indian to dispose of his alien-
   able property, it did not operate to remove existing statutory re-
   strictions.
That it was the understanding of Congress that an act did not remove
   restrictions may be indicated by subsequent acts passed for the
   express purpose of removing such restrictions.
33 Oklahoma, 199, affirmed.

THE facts, which involve the application and construc-
tion of Acts of Congress imposing and affecting restric-
tions on alienation of lands allotted under the Choctaw
and Chickasaw agreement ratified July 1, 1902, are
stated in the opinion.

*Mr. H. A. Ledbetter* for plaintiff in error.

*Mr. Cornelius Hardy, Mr. A. C. Cruce, Mr. W. I. Cruce*
and *Mr. W. R. Bleakmore* for defendants in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit by the heirs of Maggie Taylor, a member
of the Chickasaw tribe of Indians, against the plaintiff in
error, her husband and devisee, to recover her allotment,
which she devised to him. The answer relied upon the

will, the plaintiffs demurred, and the courts of Oklahoma sustained the demurrer and gave judgment for the plaintiffs. 33 Oklahoma, 199. The question is whether the devise was invalid under the supplemental agreement with the Choctaws and Chickasaws ratified by the Act of Congress of July 1, 1902, c. 1362. 32 Stat. 641.

By § 12 of the above act "each member of said tribes shall, at the time of the selection of his allotment, designate as a homestead out of said allotment land equal in value to one hundred and sixty acres of the average allotable land of the Choctaw and Chickasaw nations, as nearly as may be, which shall be inalienable during the lifetime of the allottee, not exceeding twenty-one years from the date of certificate of allotment, and separate certificate and patent shall issue for said homestead." By § 16 all lands allotted to members of said tribes except homestead shall be alienable after issue of patent, one fourth in acreage in one year, one fourth in three years, and the rest in five years; but not for less than its appraised value before the expiration of the tribal governments. The plaintiff in error, in aid of the construction of §§ 12, 16, for which he contends, and to show that transactions *inter vivos* alone were aimed at by the word "inalienable," invokes § 15 which enacts that allotted lands "shall not be affected or encumbered by any deed, debt, or obligation of any character contracted prior to the time at which said land may be alienated under this Act, nor shall said lands be sold except as herein provided."

The land in question was allotted to Maggie Taylor in 1903, including, it would seem, a homestead; patents were issued on December 20, 1904, and were approved by the Secretary of the Interior and delivered on December 28, 1904. She made her will on March 22, and died on March 25, 1905, so that if the foregoing prohibitions extend to a devise they include the one under which the plaintiff in error claims. Obviously they could be read in a narrower

sense, and whichever interpretation be adopted it would not be helped by long discussion. In view of the evils sought to be prevented and in aid of what we understand to have been the policy of the Indians and the United States in their agreement, we are of opinion that the Supreme Court of this State was right in extending the prohibition to wills. To the same effect is *Hayes* v. *Barringer*, 93 C. C. A. 507; 168 Fed. Rep. 221. See also *Jackson* v. *Thompson*, 38 Washington, 282.

A further and distinct argument is based upon the act to provide for additional judges, etc., of April 28, 1904, c. 1824, § 2, 33 Stat. 573, to the effect that all the laws of Arkansas theretofore put in force in the Indian Territory are extended to embrace all persons and estates in said territory, whether Indians, freedmen, or otherwise, and full jurisdiction is conferred upon the district courts in the settlement of all estates of decedents, and the guardianship of minors and incompetents, whether Indians, freedmen, or otherwise. The Arkansas law of wills was a part of the law that thus had been adopted for the Indian Territory before 1904, and it is contended that the result of the above extension was to free the Indians from the restrictions so specifically imposed upon them in 1902. Of course nothing of that sort was intended. As said below (33 Oklahoma, p. 201), the extension enabled "the Indian to devise all his alienable property by will made in accordance with the laws of the State of Arkansas, but did not operate to remove any of the restrictions theretofore placed upon lands of Indians by act of Congress." That this was the understanding of Congress is indicated by the acts of April 26, 1906, c. 1876, § 23, 34 Stat. 137, 145, and May 27, 1908, c. 199, 35 Stat. 312, giving Indians power to dispose of their allotments by will.

*Judgment affirmed.*