· BLUNDELL, EXECUTOR, ET AL. v. WALLACE.

ERROR TO THE SUPREME COURT OF THE STATE OF OKLAHOMA.

No. 276. Argued January 29, 1925.—Decided March 2, 1925. ·

1. Section 23 of the Act of April 26, 1906, disposing of the affairs of the Five Civilized Tribes, which provides: "Every person of lawful age and sound mind may by last will and testament devise and bequeath all of his estate, real and personal, and all interest therein," was intended (save the proviso limiting full-bloods) to enable the Indian to dispose of his estate by will on the same footing as any other citizen, notwithstanding restrictions previously imposed against alienation of allotments (e. g., by Choctaw-Chickasaw Supplemental Agreement, July 1, 1902, §§ 12 and 16), leaving the regulatory local law of wills free to operate as in the case of other persons and property. P. 375.

2. Hence the will of a married half-blood Choctaw woman devising her homestead and surplus allotments is subject to the provision of the Oklahoma law. (Rev. L. 1910, § 8341), forbidding any woman while married to " bequeath more than two-thirds of her property away from her husband." *Id.*

96 Okla. 26, affirmed.

ERROR to a decree of the Supreme Court of Oklahoma which affirmed a decree in favor of the plaintiff, Wallace, in his suit to quiet title to an interest in certain Choctaw Indian allotments.

*Mr. Reford Bond,* for plaintiffs in error, submitted.

*Mr. John B. Dudley,* with whom *Mr. W. L. Farmer* and *Mr. Cicero I. Murray* were on the brief, for defendant in error.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

This is a suit to quiet title to a one-third interest in homestead and surplus lands originally allotted to Patsy Poff, a half-blood Choctaw Indian woman, under the Act of July 1, 1902, c. 1362, 32 Stat. 641. She died August 7, 1916, David H. Poff, her husband, surviving. By her will made in 1912, which was duly probated, she devised the entire allotment to Juanita and Oleta Blundell, her great granddaughters, bequeathing to her husband only a nominal sum. Defendant in error asserts title through mesne conveyances vesting in him the interest of David H. Poff. His suit is based on the provisions of § 8341, Rev. Laws Okla. 1910 (§ 11224 Comp. Stats. Okla. 1921), which reads:

" Every estate and interest in real or personal property to which heirs, husband, widow, or next of kin might succeed, may be disposed of by will: Provided, that no marriage contract in writing has been entered into between the parties; no man while married shall bequeath

more than two-thirds of his property away from his wife, *nor shall any woman while married bequeath more than two-thirds of her property away from her husband;* Provided, further, that no person who is prevented by law from alienating, conveying or encumbering real property while living shall be allowed to bequeath same by will."

Plaintiff in error contends that this statute as applied to Patsy Poff's will is in direct conflict with § 23 of the Act of Congress of April 26, 1906, disposing of the affairs of the Five Civilized Tribes, c. 1876, 34 Stat. 137, 145, and, therefore, invalid. Section 23 is as follows:

"Every person of lawful age and sound mind may by last will and testament devise and bequeath all of his estate, real and personal, and all interest therein: *Provided,* That no will of a full-blood Indian devising real estate shall be valid, if such last will and testament disinherits the parent, wife, spouse, or children of such full-blood Indian, unless acknowledged before and approved by a judge of the United States court for the Indian Territory, or a United States commissioner."

There was an amendment in 1908 in a detail not important here. It was held below that the state statute applied; that there was no conflict with the federal statute; that defendant in error was entitled to recover, and the decree went accordingly. 96 Okla. 26.

A brief reference to the state of the law at the time of the passage of § 23 will help to clear the way for a correct determination of the question. By §§ 12 and 16 of the supplemental agreement with the Choctaws and Chickasaws, ratified by the Act of July 1, 1902, *supra,* lands of the kind here involved were declared to be inalienable during specified periods of time. It is settled that this restriction against alienation extended to a disposition by will, *Taylor* v. *Parker,* 235 U. S. 42; and, but for § 23, it is plain that the devise in question, at least as to the homestead, would have been without effect.

But, it must be borne in mind, the restriction was in respect of the specified lands and did not affect the testamentary power of the Indians to dispose of their alienable property, which power, on the contrary, has been fully recognized, first, by an extension of the appropriate laws of Arkansas over the Indian Territory, and then, upon the admission of the State of Oklahoma, by the substitution therefor of Oklahoma law. *Taylor* v. *Parker, supra; Jefferson* v. *Fink,* 247 U. S. 288, 294. The general policy of Congress prior to the adoption of § 23, plainly had been to consider the local law of descents and wills applicable to the persons and estates of Indians except in so far as it was otherwise provided. Thus, by § 2 of the Act of April 28, 1904, c. 1824, 33 Stat. 573, the laws of Arkansas, theretofore put in force in the Indian Territory, were expressly " continued and extended in their operation, so as to embrace all persons and estates in said Territory, whether Indian, freedmen, or otherwise," and jurisdiction was conferred upon the courts of the Territory in the settlement of the estates of decedents, etc., whether Indian, freedmen, or otherwise.

Section 23 must be read in the light of this policy; and, so reading it, we agree with the ruling of the state supreme court that Congress intended thereby to enable " the Indian to dispose of his estate on the same footing as any other citizen, with the limitation contained in the proviso thereto." The effect of § 23 was to remove a restriction theretofore existing upon the testamentary power of the Indians, leaving the regulatory local law free to operate as in the case of other persons and property. There is nothing in *Blanset* v. *Cardin,* 256 U. S. 319, cited to the contrary, which militates against this view. That case involved the will of a Quapaw woman devising her restricted lands away from her husband. It was held that § 8341 of the Oklahoma laws did not apply because it was in conflict with an act of Congress. But the act there

considered was very different from the one now under review. There the authority to dispose of restricted property by will was limited by the provisions of the Act of February 14, 1913, c. 55, 37 Stat. 678, that the will must be " in accordance with regulations to be prescribed by the Secretary of the Interior," and that no will " shall be valid or have any force or effect unless and until it shall have been approved " by that officer. By this language the intent of Congress to exclude the local law and to establish the regulations of the Secretary as alone controlling was made evident; and it was so held. But here the federal statute contains no provision of like character; it is without qualification except in the single particular set forth in the proviso; and, clearly, it does not stand in the way of the operation of the local law.

*Affirmed.*