ICKES, Secretary of the Interior, v. UNITED STATES ex rel. PERRY.

No. 5862.

Court of Appeals of the District of Columbia.

Argued Feb. 8, 1933.

Decided April 3, 1933.

O. H. Graves, of Washington, D. C., for appellant.

C. H. Merillat, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

This appeal is by the Secretary of the Interior from a judgment of the Supreme Court of the District of Columbia in favor of the plaintiff below, directing the Secretary to turn over all the moneys, funds, and property belonging to plaintiff now in his possession.

It appears that plaintiff is a son of Alice Perry, a half-blood member of the Chickasaw Indians, one of the Five Civilized Tribes of Oklahoma. She was duly enrolled and allotted land on which an oil lease was placed. Alice Perry died on June 22, 1923. At the date of her death there had accrued, in the hands of the Secretary of the Interior, approximately $60,000 from oil and gas royalties which descended to plaintiff.

The principal distinction between this case and that of Nancy King et al. v. Ickes, Secretary of the Interior, 64 F.(2d) 979, this day decided by this court, is that in the King Case the heir was a full-blood Indian. There the restrictions on alienation of the land were removed by the approval of a con-

veyance executed by the heir prior to April 26, 1931, the date of the expiration of the restricted period fixed by section 9 of the Act of Congress of May 27, 1908, 35 Stat. 312, 315. Here no conveyance is involved and nothing intervened to terminate the restrictions on the alienation of the inherited land until the expiration of the twenty-five year period, April 26, 1931.

We see no distinction in point of law between this and the King Case. Under the Act of Congress of January 27, 1933, "all funds and other securities now held by or which may hereafter come under the supervision of the Secretary of the Interior, belonging to and only so long as belonging to Indians of the Five Civilized Tribes in Oklahoma of one-half or more Indian blood, enrolled or unenrolled, are hereby declared to be restricted and shall remain subject to the jurisdiction of said Secretary until April 26, 1956."

The funds here in question, belonging to an Indian of the Five Civilized Tribes of one-half Indian blood, and in the hands of the Secretary at the date of the passage of the 1933 act, come clearly within our holding in the King Case. Under the act they are to remain subject to the jurisdiction of the Secretary until April 26, 1956. Congress, in this instance, in restricting these funds for the benefit of the plaintiff, merely exercised the general guardianship jurisdiction it possesses over the Indian.

The judgment is reversed.