**DARKS v. ICKES, Secretary of the Interior.**

**No. 6053.**

Court of Appeals of the District of Columbia.

Argued Jan. 8, 1934.

Decided Feb. 5, 1934.

E. J. Van Court, of Eufaula, Okl., and Paul M. Niebell, of Washington, D. C., for appellant.

Nathan R. Margold, Charles Fahy, J. Kennard Cheadle, and Frederic L. Kirgis, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

PER CURIAM.

This appeal is from a judgment of the Supreme Court of the District of Columbia dismissing a petition for a writ of mandamus to compel the Secretary of the Interior to pay over certain funds in his possession, accumulated from oil leases on the restricted land of Thomas Long, a full-blood Creek Indian.

Long died in 1932, leaving a will in which his estate was devised to his wife and children, full-blood Indians of the Creek Tribe, one of the Five Civilized Tribes, in Oklahoma. The Secretary contests the right of the administrator of Long to these funds on the ground that they are properly held by him as restricted under the Act of January 27, 1933, 47 Stat. 777.

Under the Act of April 26, 1906, 34 Stat. 137, the will operated to remove the restrictions at the time of Long's death, when the title to his property passed to the devisees under the will. These devisees, however, were Indians of full blood of the Creek Tribe; and, as wards of the government, the funds, so long as they remained in the possession of the Secretary of the Interior, were subject to such disposition as Congress might see fit to make. In this situation they became restricted under the 1933 act, preserving the jurisdiction of the Secretary of the Interior over the funds. The 1933 act did not operate to repeal the 1906 act, but merely to modify its provisions in regard to the removal of the restrictions of property passing by will. Under the 1906 act, an Indian may still make a valid will, and his property will pass to the legal devisees as therein provided, and, but for the 1933 act, the devisees would take the property in full right clear of restrictions. Blundell v. Wallace, 267 U. S. 373, 45 S. Ct. 247, 69 L. Ed. 664. But the 1933 act has placed a restriction upon all property of this class. This Congress had the power to do in the exercise

of guardianship over the Indians of the class embraced within the terms of the act.

The court below was right in denying the writ on the authority of King v. Ickes, 62 App. D. C. 83, 64 F.(2d) 979; and Ickes v. Perry, 62 App. D. C. 86, 64 F.(2d) 982, which are controlling in this case.

The judgment is affirmed.