### FIRST NAT. BANK OF HOLDENVILLE, OKL., v. ICKES, Secretary of the Interior.

#### Civil Action No. 26227.

District Court of the United States for the District of Columbia.

May 5, 1945.

Paul M. Niebell, of Washington, D. C. (W. W. Pryor, of Wewoka, Okl., of counsel), for plaintiff.

H. Edward Hyden, of Washington, D. C. (Fowler Harper and Gilbert F. Kloth, both of Washington, D. C., of counsel), for defendant.

WYCHE, District Judge (sitting by designation).

Plaintiff, a banking corporation, brought this action as trustee under the last will and testament of Thomas Long, Sr., a deceased full-blood Creek Indian, to compel the Secretary of the Interior to relinquish to the plaintiff supervision and control over 80 acres of land and the profits accruing therefrom after the testator's death.

In compliance with Rule 52(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, I find the facts specially as follows:

### Findings of Fact.

Thomas Long, Sr., a full-blood Creek Indian died on March 13, 1932, seized of an estate consisting in part of 80 acres of land in Oklahoma which had been allotted to him as a member of the Creek Nation. During his lifetime the allotment was subject to restrictions against alienation imposed by sections 1 and 9 of the act of May 27, 1908, 35 Stat. 312, as amended by section 1 of the act of April 12, 1926, 44 Stat. 239, and the act of May 10, 1928, 45 Stat. 495. The land is covered by an oil and gas lease executed by the allottee in 1912 and approved by the Secretary of the Interior under authority of section 2 of the act of May 27, 1908, supra, which lease provides that the Secretary of the Interior shall have the exclusive power and duty to supervise the collection, care and disbursement of payments made thereunder by the lessee until such time as the restrictions against alienation are removed from the land.

Thomas Long, Sr., left a last will and testament executed under authority of section 23 of the act of April 26, 1906, 34 Stat. 137, as amended by section 8 of the act of May 27, 1908, supra, and as extended by the act of May 10, 1928, supra. By the seventh paragraph of the will the testator devised the aforesaid 80 acres of his allotment to his son, Thomas Long, Jr., a full-blood Creek Indian, as trustee, with the power to collect the income and make stipulated payments to the testator's widow, children and grandchildren during the lifetime or widowhood of the former, and to convey the land thereafter to the said children and grandchildren. The tenth paragraph of the will provided that the property should vest in the beneficiaries even though the Secretary should refuse to relinquish supervision to the trustee. All of the beneficiaries named in the will are full-blood Creek Indians.

The allottee's will was admitted to probate on April 6, 1932, by the County Court of Hughes County, Oklahoma, the county in which the testator was resident. The plaintiff herein was appointed successor trustee because Thomas Long, Jr., had predeceased his father. On July 13, 1932, after demand made by the plaintiff, the Secretary of the Interior refused to relinquish supervision over the property and directed the Superintendent for the Five Civilized Tribes to be governed by the tenth paragraph of the will and carry out the testator's intention as expressed therein. The County Court entered its final order of distribution on September 6, 1939, which provided, among other things, that full and complete fee simple title to the lands be vested in the plaintiff, in trust, for the uses and purposes set forth in the will.

In an action instituted in this court by the administrator of the estate against the Secretary of the Interior for the purpose of obtaining possession of the property belonging to the estate over which the Secretary was exercising control, it was held that all of the funds in the Secretary's custody were restricted and properly subject to his jurisdiction. That judgment was affirmed on appeal. Darks v. Ickes, 1934, 63 App.D.C. 56, 69 F.2d 230. Thereafter, in another action by the administrator in which the oil and gas lessee and the Superintendent for the Five Civilized Tribes

were made parties defendant, it was held that the income accruing from the lease was restricted and properly subject to the jurisdiction of the Secretary of the Interior. No appeal was taken from that judgment. Darks v. Magnolia Petroleum Co., et al.,[1] No. 4595 Equity, in the United States District Court for the Eastern District of Oklahoma.

### Opinion

The plaintiff rests its cause of action upon the contention that the effect of the will executed under section 23 of the 1906 act, supra, was to remove all restrictions and terminate the power of the Federal Government to continue the exercise of supervision and control over the property. The defendant contends that the property is restricted and properly subject to the jurisdiction of the Secretary of the Interior by virtue of the provisions of section 1 of the act of April 12, 1926, supra, and section 1 of the act of January 27, 1933, 47 Stat. 777, and that, as a consequence, the United States has such an interest in the property that it is an indispensable party to any suit granting the relief sought by the plaintiff. The defendant also contends that mandamus will not lie because the statutes involved do not clearly require the action demanded by the plaintiff. Further, the defendant asserts that the cases of Darks v. Ickes, and Darks v. Magnolia Petroleum Co., et al., mentioned above, are res judicata of the controversy.

Section 23 of the 1906 act, supra, upon which the plaintiff rests its case, provides as follows: "Every person of lawful age and sound mind may by last will and testament devise and bequeath all of his estate, real and personal, and all interest therein: Provided, That no will of a full-blood Indian devising real estate shall be valid, if such last will and testament disinherits the parent, wife, spouse, or children of such full-blood Indian, unless acknowledged before and approved by a judge of the United States Court for the Indian Territory, or a United States commissioner." The foregoing action unquestionably conferred upon Indians of the Five Civilized Tribes the power to dispose of their restricted property by will, a power theretofore not given them. Taylor v. Parker, 1914, 235 U.S. 42, 35 S.Ct. 22, 59 L.Ed. 121; Blundell v. Wallace, 1925, 267

U.S. 373, 45 S.Ct. 247, 69 L.Ed. 664; Davis v. Williford, 1926, 271 U.S. 484, 487, 46 S.Ct. 547, 70 L.Ed. 1048. But the question of whether the property is restricted and subject to the Secretary's jurisdiction finds its answer in the statutes dealing with the status of the property after the allottee's death. Thus, section 9 of the act of May 27, 1908, supra, provided, in part, as follows: "* * * That the death of any allottee of the Five Civilized Tribes shall operate to remove all restrictions upon the alienation of said allottee's land: *Provided,* That no conveyance of any interest of any full-blood Indian heir in such land shall be valid unless approved by the court having jurisdiction of the settlement of the estate of said deceased allottee * * *."

There would be merit in the plaintiff's contention if the foregoing section 9 were the only one to be considered. Grisso v. United States, 10 Cir., 1943, 138 F.2d 996, 1000; Burgess v. Nail, 10 Cir., 1939, 103 F.2d 37, 42; McKinney v. Bluford, 1921, 81 Okl. 166, 197 P. 430, 431. But the facts in this case call for the application of section 1 of the act of April 12, 1926, supra, and section 1 of the act of January 27, 1933, supra. The 1926 act amended section 9 of the 1908 act to read: "The death of any allottee of the Five Civilized Tribes shall operate to remove all restrictions upon the alienation of said allottee's land: *Provided,* That *hereafter* no conveyance by any full-blood Indian of the Five Civilized Tribes *of any interest* in lands restricted by section 1 of this Act acquired by inheritance or *devise* from an allottee of such lands shall be valid unless approved by the county court having jurisdiction of the settlement of the estate of the deceased allottee or testator * * *." (Italics supplied.)

The plaintiff does not deny the power of Congress to impose restrictions upon Indian lands or to decide for itself when and in what manner Federal guardianship over the Indians shall attach. This power has long been recognized. Brader v. James, 1918, 246 U.S. 88, 38 S.Ct. 285, 62 L.Ed. 591; Tiger v. Western Investment Co., 1911, 221 U.S. 286, 31 S.Ct. 578, 55 L.Ed. 738; King v. Ickes, 1933, 62 App. D.C. 83, 64 F.2d 979. The plaintiff furthermore concedes that the 1926 amendment just quoted would impose restrictions in those instances where the devise was made directly to a full-blood Indian, but

---

[1] No opinion for publication.

he asserts that the 1926 act is inapplicable here because the devise to plaintiff, as trustee, vests title to the property in a non-Indian. The question thus presented is one of statutory construction.

■ The obvious effect of the 1926 amendment was to enlarge the scope of section 9 of the 1908 act, supra, so as to place restrictions upon "any interest" in restricted lands acquired by a full-blood Indian by inheritance or devise from an allottee. Grisso v. United States, supra. The statute deals realistically with the fact that so long as restrictions are made to depend upon quantum of Indian blood there is no logical basis for disparity between full-blood heirs and full-blood devisees, because one needs the protection of the Federal Government as much as the other. See Whitchurch v. Burge, D.C.1936, 17 F. Supp. 234. The right to use and enjoy the property passes by the will to the full-blood Indians named, and they must be regarded as the real, substantial owners thereof. Cf. Blair v. Commissioner of Internal Revenue, 1937, 300 U.S. 5, 13, 57 S.Ct. 330, 81 L.Ed. 465. The Indians' ownership is not to be denied by the plaintiff because the fiduciary capacity in which he asserts the right to supervise and control the property is in itself a recognition that the Indians own an interest in that property. Clearly, therefore, the Indians have an interest in these lands which is subject to the restrictions imposed by the 1926 act.

■ While the lands are restricted the Secretary of the Interior has the power and duty under the oil and gas lease to supervise the collection, care and disbursement of the income therefrom as trustee for the full-blood Indian owners. Parker v. Richard, 1919, 250 U.S. 235, 39 S.Ct. 442, 63 L. Ed. 954. If there were any doubt, however, as to the restricted character of the funds coming into the custody of the Secretary of the Interior, that doubt would be removed by section 1 of the act of January 27, 1933, supra, the material part of which reads: "That all funds and other securities now held by or which may hereafter come under the supervision of the Secretary of the Interior, belonging to and only so long as belonging to Indians of the Five Civilized Tribes in Oklahoma of one-half or more Indian blood, enrolled or unenrolled, *are hereby declared to be restricted and shall remain subject to the jurisdiction of said Secretary* until April 26, 1956, subject to expenditure in the meantime for the use and benefit of the individual Indians to whom such funds and securities belong, under such rules and regulations as said Secretary may prescribe * * *." (Italics supplied.) These funds belong to Indians of the degree of blood prescribed by the statute. The conditions of the statute being met, it follows that the funds are restricted and subject to the jurisdiction of the Secretary of the Interior. The Court of Appeals of the District of Columbia has so held and the matter must be regarded as laid at rest. Darks v. Ickes, supra; King v. Ickes, supra; Ickes v. United States, 1933, 62 App.D.C. 86, 64 F.2d 982; see also, Darks v. Magnolia Petroleum Co., et al., supra. Since the Congress has in effect designated the Secretary of the Interior as trustee for the full-blood Indians, no right can exist in the plaintiff incompatible with the trust.

■■ There is also merit in the defendant's contention that the two cases decided adversely to the administrator are res judicata of this controversy. While the plaintiff herein instituted neither of those actions, yet one may be estopped by a judgment against his privies. Sunshine Anthracite Coal Co. v. Adkins, 1940, 310 U.S. 381, 402, 60 S.Ct. 907, 84 L.Ed. 1263. Under sections 251 and 252, Title 58, Oklahoma Statutes Annotated, the administrator is required to take into his possession all of the estate, both real and personal, and is authorized to bring any and all actions for the recovery or possession of real or personal property. Actions so instituted by an administrator are binding upon the heirs or devisees of the decedent. Jameson v. Goodwin, 1914, 43 Okl. 154, 141 P. 767; McClung v. Cullison, 1905, 15 Okl. 402, 82 P. 499. Assuming, however, that the decisions adverse to the administrator were not res judicata of the present controversy, those decisions nevertheless hold that the property is restricted and subject to the jurisdiction of the Secretary of the Interior.

■ Since the object of the present suit is to declare invalid the Government's exercise of power under the acts of April 12, 1926, supra, and January 27, 1933, supra, the United States of America would be an indispensable party to the granting of the relief sought. It is firmly established that the United States has an interest in restricted Indian property, and that this interest of the sovereign may not be foreclosed by a judgment in proceedings

in which the United States is not a party. United States v. Hellard, 1944, 322 U.S. 363, 64 S.Ct. 985, 88 L.Ed. 1326; Minnesota v. United States, 1939, 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235; Cf. Drummond v. United States, 1945, 65 S.Ct. 659; Bowling v. United States, 1914, 233 U.S. 528, 34 S.Ct. 659, 58 L.Ed. 1080. In the Hellard case, supra [322 U.S. 363, 64 S.Ct. 987, 88 L.Ed. 1326], the court said: "Restricted Indian land is property in which the United States has an interest. 'This national interest is not to be expressed in terms of property, or to be limited to the assertion of rights incident to the ownership of a reversion or to the holding of a technical title in trust.' Heckman v. United States, 224 U.S. 413, 437, 32 S.Ct. 424, 431, 56 L.Ed. 820." Thus it is clear that the burden of a decree granting the relief sought by the plaintiff would fall upon the United States because a termination of restrictions would be a termination of the governmental interests of the United States. The interest of the United States is not distinct and severable from that of the Secretary, and no decree vitally affecting that interest could be entered unless the United States were present as a party with an opportunity to be heard. Osage Tribe of Indians v. Ickes, D.C.D.C., 45 F.Supp. 179, affirmed 77 U.S.App.D.C. 114, 133 F.2d 47, certiorari denied, 1942, 319 U.S. 750, 63 S.Ct. 1158, 87 L.Ed. 1704; Morrison v. Work, 1925, 266 U.S. 481, 45 S.Ct. 149, 69 L.Ed. 394; Oregon v. Hitchcock, 1906, 202 U.S. 60, 26 S.Ct. 568, 50 L.Ed. 935.

 There remains the question of the propriety of the remedy of mandamus. While an administrative officer may not avoid a plainly prescribed duty by relying upon the necessity of reading a particular statute and applying it to the facts at hand, yet if the statutes involved do not plainly prescribe the officer's duty in language equivalent to a positive command the determination of his duty amounts to the exercise of judgment or discretion which cannot be controlled by mandamus. The statutes involved in the present case were enacted at various dates over a period of years and must be read as a whole. So

viewed, it cannot be said that those statutes plainly require the Secretary to take the action demanded by the plaintiff. The defendant had reasonable grounds for the interpretation he placed upon those statutes in 1932, and his refusal to relinquish the Indians' property to the plaintiff at that time cannot be regarded as capricious. Wilbur v. United States ex rel. Kadrie, et al., 1930, 281 U.S. 206, 218, 50 S.Ct. 320, 74 L.Ed. 809; United States ex rel. McLennan v. Wilbur, 1931, 283 U.S. 414, 420, 51 S.Ct. 502, 75 L.Ed. 1148; United States ex rel. Kansas City Southern R. Co. v. Interstate Commerce Commission, 1938, 68 App.D.C. 396, 98 F.2d 268; United States ex rel. United States Borax Co. v. Ickes, 1938, 68 App.D.C. 399, 98 F.2d 271, 281; Calf Leather Tanners' Ass'n v. Morgenthau, 1935, 65 App.D.C. 93, 80 F.2d 536, 541, 542.

For the foregoing reasons, and in further compliance with Rule 52(a) of the Rules of Civil Procedure, I state separately my conclusions of law as follows:

### Conclusions of Law.

1. The lands and funds involved in this controversy are restricted under the acts of April 12, 1926, supra, and January 27, 1933, supra, and are properly subject to the jurisdiction of the Secretary of the Interior.

2. The cases of Darks v. Ickes, supra, and Darks v. Magnolia Petroleum Co. et al., supra, are res judicata of this controversy.

3. The United States of America would be an indispensable party to the granting of the relief sought by the plaintiff.

4. The statutes do not clearly require the Secretary of the Interior to take the action demanded by the plaintiff, and, as a consequence, the plaintiff is not entitled to a mandatory injunction against the defendant.

5. Judgment should be for the defendant, with costs assessed against the plaintiff.

The entry of appropriate judgment will be accordingly directed by proper order.