**FIRST NAT. BANK OF HOLDENVILLE, OKL., v. ICKES, Secretary of Interior.**

No. 9075.

United States Court of Appeals
District of Columbia.

Argued Oct. 25, 1945.

Decided April 1, 1946.

STEPHENS, Circuit Judge, dissenting.

852

Mr. Paul M. Niebell, of Washington, D. C., for appellant.

Mr. H. Edward Hyden, Attorney, Office of the Solicitor, Department of the Interior, of Washington, D. C., for appellee.

Before, GRONER, Chief Justice, ALBERT LEE STEPHENS, Circuit Judge, sitting by designation, and PRETTYMAN, Associate Justice.

PRETTYMAN, Associate Justice.

Appellant filed a civil action in the District Court seeking to enjoin the Secretary of the Interior, and all persons acting under his authority, from exercising any authority or control over certain lands which had belonged to a deceased Indian allottee, or over funds in the possession of the Secretary, consisting of accumulated rents, royalties and interest derived from the land; and also seeking an order directing him to turn over the land and funds to appellant. The Secretary answered; hearing was had; and the court entered its findings of fact, opinion and conclusions of law, and a judgment denying the relief prayed. From that judgment this appeal was taken.

Thomas Long, a full-blood Creek Indian, and a member of the Creek Nation, died testate March 13, 1932. By his will he devised 80 acres of land, which were a portion of his allotment, to his son, a full-blood Creek, as trustee, with power to collect the income, to make stipulated payments to the testator's widow, children and grandchildren during the lifetime or widowhood of the former, and to convey the land thereafter to the children and grandchildren. All the beneficiaries were full-blood Creek Indians. The son predeceased his father, and the appellant Bank was appointed successor trustee. By a final order of distribution on September 6, 1939, the County Court of Hughes County, Oklahoma, being the court having probate jurisdiction, ordered that full and complete fee-simple title to the lands be vested in the appellant, in trust, for the uses and purposes set forth in the will.

The lands involved were subject to an oil and gas lease executed by the testator in 1912 and approved by the Secretary. Prior to the vesting of the title in appellant, the administrator of the estate of this testator sought a mandamus to compel the Secretary to pay over the funds in his possession accumulated from the lease. In Darks v. Ickes, 1934, 63 App.D.C. 56, 69 F.2d 230, this court affirmed the judgment of the District Court denying the writ on the authority of King v. Ickes, 1933, 62 App.D.C. 83, 64 F.2d 979; and Ickes v. United States ex rel. Perry, 1933, 62 App. D.C. 86, 64 F.2d 982. The ground for this judgment was that the funds in the possession of the Secretary were restricted under an act of January 27, 1933.[1]

In the present case, the District Court held that the lands and the funds are restricted; that the decisions in Darks v. Ickes, supra, and Darks v. Magnolia Petroleum Company[2] were res judicata of the present controversy; that the United States is an indispensable party to an action for the relief sought, and that since the statutes do not clearly require the Secretary to take the action demanded by the plaintiff, mandatory injunction will not lie.

Appellant contends that under an act of 1906,[3] a valid will of a full-blood Indian has the effect of removing all restrictions on his land and income, and that an act of 1926[4] does not apply. Prior to the act of 1906, Indians had no power to make testamentary disposition of restricted property; the 1906 act gave them that power.[5] That act does not refer to the status of the property, as restricted or unrestricted, after the death of the testator. Thus, the will in the present case was valid. The question still remains as to whether the property was thereafter restricted.

---

[1] 47 Stat. 777, 25 U.S.C.A. § 355 note.

[2] No. 4595 Equity, United States District Court for the Eastern District of Oklahoma (unreported). No opinion for publication.

[3] Act of April 26, 1906, § 23, 34 Stat. 137.

[4] Act of April 12, 1926, 44 Stat. 239.

[5] Taylor v. Parker, 1914, 235 U.S. 42, 35 S.Ct. 22, 59 L.Ed. 121; Blundell v. Wallace, 1925, 267 U.S. 373, 45 S.Ct. 247, 69 L.Ed. 664; Davis v. Williford, 1926, 271 U.S. 484, 46 S.Ct. 547, 70 L.Ed. 1048.

The act of 1926 [6] provided: "The death of any allottee of the Five Civilized Tribes shall operate to remove all restrictions upon the alienation of said allottee's land: *Provided*, That hereafter no conveyance by any full-blood Indian of the Five Civilized Tribes of any interest in lands restricted by section 1 of this Act acquired by inheritance or devise from an allottee of such lands shall be valid unless approved by the county court having jurisdiction of the settlement of the estate of the deceased allottee or testator: * * *."

Appellant concedes that the foregoing act would impose restrictions upon the alienation of the property in the present case if the devise had been directly to the full-blood Indian beneficiaries. See Parker v. Richard, 1919, 250 U.S. 235, 39 S.Ct. 442, 63 L.Ed. 954; Grisso v. United States, 10 Cir., 1943, 138 F.2d 996. It contends that since the devise was to a non-Indian trustee, the act does not apply. We think that the District Court was correct in its ruling upon that contention. In the first place, the act restricts the alienation of "any interest" in lands by full-blood Indians of the Five Civilized Tribes. Clearly, the beneficiaries had interests, and they were property interests. Merchants' Loan & Trust Co. v. Patterson, 1923, 308 Ill. 519, 139 N.E. 912; Illinois Nat. Bank of Springfield v. Gwinn, 1945, 390 Ill. 345, 61 N.E. 2d 249, 159 A.L.R. 468; Jones v. Jones, 1942, 344 Pa. 310, 25 A.2d 327, and cases there cited; Restatement, Trusts, § 130. In the second place, the statute was enacted by Congress for the protection of the Indians, and its terms are broad and nontechnical. It would require clear language to compel us to hold that its provisions can be evaded by the simple expedient of interposing a non-Indian trustee to hold the legal title.[7]

The 1933 act [8] clearly placed restrictions upon the funds here involved, as we held in Darks v. Ickes, supra.

In view of the foregoing, it is unnecessary that we pass upon the full contention of res judicata made by appellee. However, so far as the funds, apart from the lands, are concerned, the decision in Darks v. Ickes, supra, is clearly res judicata. The subject matter is the same, and the administrator of the estate, who was appellant there, was in privity with the trustee, appellant here, the latter being successor fiduciary to the former.[9]

We think that the District Court handled correctly the contention of the Secretary that the United States is an indispensable party to the proceeding. For purposes of jurisdiction, it assumed the truth of the averment of the complaint that the Secretary was without power to retain control of the property, and proceeded to examine the merits of the con-

---

[6] Section 1 of the act of April 12, 1926, 44 Stat. 239, re-enacted with amendments Section 9 of an act of May 27, 1908, 35 Stat. 312. The 1926 act was extended to April 26, 1956, by an act of May 10, 1928, 45 Stat. 495.

[7] Statutes relating to the lands and other property of Indians are construed by the federal courts in favor of restrictions and government control. In re Penn, D. O.W.D.Okl.1929, 41 F.2d 257, 258; Ward v. United States, 10 Cir., 1943, 139 F.2d 79, 82.

[8] The material part of Section 1 of the act of January 27, 1933, 47 Stat. 777, reads as follows: " * * * That all funds and other securities now held by or which may hereafter come under the supervision of the Secretary of the Interior, belonging to and only so long as belonging to Indians of the Five Civilized Tribes in Oklahoma of one-half or more Indian blood, enrolled or unenrolled, are hereby declared to be restricted and shall remain subject to the jurisdiction of said Secretary until April 26, 1956, subject to expenditure in the meantime for the use and benefit of the individual Indians to whom such funds and securities belong, under such rules and regulations as said Secretary may prescribe: * * *."

[9] Privity is clearly established by the identity of cause of action and of interest in the two cases. Privity is "the mutual or successive relationship to the same rights of property". 2 Bouv. Law Dict., Rowle's 3rd Rev., 2722; see also National Lead Co. v. Nulsen, 8 Cir., 1942, 131 F.2d 51, 56. Where the issues are the same, the fact that the parties are not precisely identical will not bar the application of the doctrine of res judicata, identity of parties being a matter of substance and not of form. Sunshine Anthracite Coal Co. v. Adkins, 1940, 310 U.S. 381, 402, 403, 60 S.Ct. 907, 84 L.Ed. 1263. Moreover, under the Oklahoma statute, the administrator acts as a fiduciary, protecting the interests of the estate and the devisees. That is precisely the position of the trustee in this case. Okl.St.Ann., tit. 58, §§ 251, 252; see also Restatement, Judgments, § 80(4), Comment m.

854

troversy. Having concluded that the property was restricted, it held that the United States was, therefore, an indispensable party. This was the course of procedure approved by this court in Franklin Tp. in Somerset County, N.J. v. Tugwell, 1936, 66 App.D.C. 42, 85 F.2d 208.[10] When a complainant avers lack of official power and the defendant officer counters with an assertion of power and governmental interest in the property involved, a procedural dilemma is presented which the courts have resolved in the manner indicated.

Appellant concedes that if the land is restricted, the United States has an interest and is an indispensable party.[11] We have held that the land and the funds are restricted, and we hold that the United States was an indispensable party.

The District Court denied appellant's claim for a mandatory injunction. Since we hold that the interest of the beneficiaries is clearly restricted, the propriety of this claim need not be considered here.

Affirmed.

STEPHENS, Circuit Judge.

I dissent. Since, to maintain it, the United States at the inception of the action was, and continuously has been, and now is, an indispensable party to the action, but never has been a party to it, I think the case should be remanded to the District Court with instructions to enter a judgment of dismissal.

---

[10] See also R. Stanley Dollar et al. v. Land et al., — U.S.App.D.C. —, 154 F. 2d 307.

[11] See Minnesota v. United States, 1939, 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235.